SATAN FRATERNITY, an unincorporated association, et al., v. THE BOARD OF PUBLIC INSTRUCTION for the County of Dade, et al.

22 So. (2nd) 892                                          June Term, 1945
July 24. 1945                                                  En Banc

*Allen Clements,* attorney for appellants.

*John J. Lindsey, J. Tom Watson,* Attorney General, and *Frank J. Heintz,* Assistant Attorney General, for appellee.

TERRELL, J.:

The Legislature of 1943 enacted Chapter 21777 banning the organization of fraternities, sororities, and other secret organizations in the public schools of Florida and prohibiting pupils enrolled therein from becoming members of such organizations. The appellants were complainant below, held

membership in the "Satan Fraternity" which was proscribed by the act, and were enrolled as pupils in one of the public schools of Dade County.

They brought this suit in equity seeking a declaratory decree as provided in Chapter 21820, Acts of 1943, as to their status under Chapter 21777. They challenge the validity of said act on the ground (1) that its title is not sufficient to put one on notice of its contents, (2) it deprives them of their inalienable right to life, liberty, the pursuit of happiness, due process of law, liberty of speech, the right of assembly and for redress of grievance as guaranteed by the Constitution of the United States and the Constitution of the State of Florida. On final hearing, the Chancellor upheld the act despite the assault and dismissed the bill of complaint. This appeal is from that decree.

We find no merit to the contention that the title is not sufficient to put the world on notice as to the contents of the body of the act. The judgment of the Chancellor on this point is therefore affirmed on authority of Gray, v. Central Florida Lumber Company, 104 Fla. 446, 140 So. 320.

The purpose of Chapter 21777 was to make it unlawful for any person or group of persons to organize a fraternity, sorority, or other secret society in the public schools of the State of Florida (secondary or elementary) and to prohibit the pupils therein from becoming members of such societies. Institutions of higher learning are in terms excepted from the provisions of the act. Provision for enforcement is vested in the Board of Public Instruction of the counties, the penalty for violation being expulsion or suspension from school.

Acts of this kind have been passed in many states and have been universally upheld on the theory that the right to attend an educational institution provided by the State is not a natural right but a public benefaction and those who seek to become beneficiaries of them must submit to such regulations as the law imposes as a prerequisite to participate. The public schools of Florida are supported by and controlled by the Legislature and it may impose such disciplinary measures as it sees fit on those who attend them. Board of Trustees of the University of Mississippi v. Waugh, 105 Miss. 623, 62 So.

827, affirmed by Supreme Court of United States in 237 U. S. 589, 35 Sup. Ct. 720, 59 L. Ed. 1131; Steele v. Sexton, 253 Mich. 32, 234 N. W. 436; Wilson v. Board of Education of Chicago, 233 Ill. 464, 84 N. E. 697; Wayland v. Hughes, 43 Wash. 441, 86 Pac. 642; Sutton v. Board of Education of City of Springfield, 306 Ill. 507, 138 N.E. 131; Antell v. Stokes, 287 Mass. 103, 191 N.E. 407; Lee v. Hoffman, 182 Iowa 1216, 166 N.W. 565. See also 27 A.L.R. 1074 and 134 A.L.R. 1274, where the question is discussed and cases cited.

In the Mississippi case, the Michigan case, and other cases cited above, the identical questions raised here were considered and adjudicated contrary to appellant's contention. Some of the Acts reviewed in these cases carried a declaration that "every such fraternity, sorority, and secret society as herein defined is declared an obstruction to education, inimical to the public welfare and illegal" but the act in question goes no further than to prohibit their creation in the public schools.

Under the law of Florida the conduct and discipline of the public schools and public school system is vested primarily in the county boards of public instruction and so long as disciplinary measures imposed by them are within reason, they will not be disturbed. In this case, they are imposed by legislative fiat and being true, it is not within our province to inquire into their reasonableness. They must be shown to be in direct conflict with constitutional mandate before we are authorized to interfere.

It is quite true as contended by appellants that purely social activities should not be tinkered with by law but whether high school fraternities and sororities are purely social is a question of fact which the Legislature has answered in the negative and we find no reason to disturb their finding. We cannot see that the question of State v. parental control enters into the picture in any manner. The public school system has a very definite place in our scheme of things and the question in every case is whether or not the high school fraternity or sorority disrupts or materially interferes with that purpose. The cases here cited show conclusively that there has been a feeling in this country that this question

requires an affirmative answer, and the Legislature has concluded the matter in this state.

We find nothing in the Act assaulted that trenches on due process, the right of assembly, equal protection of the law, or any other liberty guaranteed to appellants. It is at least far fetched to contend that high school fraternities and sororities are on a parity with religious organizations and fraternal societies such as the Masons, Elks, Odd Fellows, and others. The Church and the Masons are much older than the State and fostered education long before the State did and have never been charged with acts inimical to it.

In conclusion, it is pertinent to state that none of our liberties are absolutes; all of them may be limited when the common good or common decency requires. Even freedom of religion, the most cherished of all our freedoms, has been limited. Davis v. Beason, 133 U. S. 333, 10 Sup. Ct. 299, 33 L. Ed. 805. Freedom after all is not something turned footloose to run as it will like a thoroughbred in a blue grass meadow. Freedom in a democracy is a matter of character and tolerance. The ideal recipient of it is one who voluntarily refuses to sacrifice the common good to personal passion.

Tested by these criteria, we cannot say that the Act and regulations in question are vulnerable to the assault made on them.

Affirmed.

CHAPMAN, C. J., BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.

BROWN, J., dissents in part.

BROWN, J., dissenting in part:

Undoubtedly both the title and the body of the Act (Ch. 21,777) prohibit secret societies in our public schools. This was clearly within the legislative power. But I do not think that the second sentence of Section 1 of the Act was within the subject of the Act as stated in its title. Otherwise I concur in the above opinion.