231 So.2d 34 (1970)
Michael CANNEY, Petitioner,
v.
BOARD OF PUBLIC INSTRUCTION OF ALACHUA COUNTY, Florida, Respondent (two cases).
Nos. L-66, L-250.
District Court of Appeal of Florida, First District.
January 27, 1970.
Rehearing Denied February 24, 1970.
*36 Richard J. Wilson, and Margaret Kathleen Wright, Gainesville, for petitioner.
Clayton, Duncan, Johnston, Clayton & Quincey, Gainesville, for respondent.
RAWLS, Judge.
Michael Canney, by petition for writ of certiorari, seeks review of the action of the Board of Public Instruction of Alachua County, Florida, in suspending him from Gainesville High School.
Petitioner contends that the administrative hearing did not comply with the requirements of due process in that: 1. The Board's order became effective nine days before hearing. 2. No formal charges were made against petitioner, notice of hearing was not given, and the Board made no findings and issued no order. Further contentions are that the Board erred in conducting part of its meeting in executive session and that the Board erred in not finding in favor of petitioner on the merits.
The stipulated facts are as follows: On August 30, 1966, the Board adopted a regulation requiring students to be neatly dressed, with normal and acceptable haircuts and prohibiting extreme or bizarre styles. A copy of the student handbook containing the regulation was distributed to all entering students at or about the time of their registration. During the last ten days of September 1968, the Dean of the School noticed the condition of Michael Canney's hair and advised him to report on Monday, September 30, with his hair trimmed to meet the School Board's regulations. This he failed to do and the matter was referred to the Principal. On October 1, 1968, the Principal talked to Michael approximately fifteen minutes and requested him to have his parents come to school with him to discuss his failure to comply with the School Board's regulations. On October 2, 1968, the Principal talked to Michael's father who advised that he did not intend to require Michael to comply with the regulations of the School Board in reference to his son's hair style, but requested the Principal to delay taking any action until it could be determined if Michael was eligible for admission to P.K. Yonge School, which is operated by the University of Florida. Pursuant to the request, action was delayed until October 9, at which time the Principal by letter advised Mr. Canney that Michael would be suspended for ten days effective October 10, with the recommendation to the School Board that the suspension continue until such time as Michael should comply with the rules or withdraw from school. Michael Canney had ample notice that the school officials did not consider that his haircut complied with the School Board's regulations and was given an opportunity to correct this condition prior to being suspended. On October 10, 1968, Michael Canney was represented by counsel at the School Board meeting. The Board confirmed the Principal's suspension and *37 recommendation that same remain in effect until compliance with the regulation, without prejudice to Michael's right to request and secure a public hearing on such action. On October 14, Michael requested and was granted a public hearing which was held pursuant to that request.
At the beginning of the October 22 hearing, the Board's attorney stated that he and Michael's attorney "* * * have gotten together and worked out a stipulation which we believe will cut down to some extent the extent of the hearing and the proof that will be necessary." At this time the stipulation was read into the record. The remainder of the hearing was primarily consumed by argument of Michael's counsel that it was incumbent upon the Board to go forward with additional proof that violation of the subject regulation by Michael disrupted the educational processes at Gainesville High School. The Board took the position that it had duly promulgated a regulation; Michael admitted violating same, consistently refused to comply with the regulation, and was suspended; and that no other action on the part of the Board is necessary.
It is within the context of the foregoing background that petitioner now contends that the October 14 hearing did not comply with the requirements of due process. An administrative proceeding is not bound by the strict rules of judicial proceedings. The overall purpose of such proceeding is to give notice to the individual of the nature of his alleged misconduct and an opportunity to be heard. Without unduly rehashing the record, we conclude that every reasonable opportunity was given to Michael to conform with the regulation of the Board. We observe that the stipulation read into the record at the beginning of the Board's hearing disclosed: 1. Michael was seasonably informed that the Board had promulgated a regulation governing the hair style of a student. 2. Michael admitted violation of the subject regulation and made it clear that he did not intend to comply with same. 3. The Board affirmed the Principal's suspension and continued same upon the condition that Michael either have his hair cut or withdraw from school.
The gist of Michael's position at the October 22 hearing was that the regulation was invalid in that it did not require allegation or proof that Michael's hair style disrupted the educational processes at Gainesville High School. To answer this contention we must examine the fundamental authority of school officials. Section 232.26, Florida Statutes 1967, F.S.A., provides in part: "Subject to law and rules and regulations of the state board and of the county board * * * the principal may suspend a pupil for wilful disobedience, for open defiance of authority of a member of his staff, * * * provided, further, that no one suspension shall be for more than ten days * * *." Section 232.41, Florida Statutes 1967, F.S.A., provides:
"The county board of public instruction of each county shall have full power and authority to enforce the provisions for carrying out the provisions of this law and to prescribe and enforce such rules and regulations as are necessary for carrying out the provisions of this law. County boards are hereby required to enforce the provisions of this law by suspending or, if necessary, expelling any pupil in any elementary or secondary school who refuses or neglects to observe these provisions."
Pursuant to the express provisions of the cited statutes, the Principal suspended Michael for ten days on October 10, and the Board extended the suspension upon the conditions recited, supra. The October 10 action on the Board's part might well have contravened provisions of Chapter 120 in that a hearing was not afforded to the student; however, any such defects were cured by the granting of a hearing by the Board on October 22. The legislature empowered the Board to enact regulations. *38 The Board enacted the subject regulation. Michael admittedly violated the regulation. We conclude that ample opportunity was given to Michael to conform with the cited regulation and his refusal to comply left the Board no alternative other than continue his suspension.
The regulation enacted by the Board pursuant to legislative authority is valid until some court of competent jurisdiction declares same to be violative of a state or federal constitutional right. Petitioner insists that before the Board could properly find that his violation of the regulation justified dismissal it was first required to prove by competent evidence that his hair style disrupted, distracted or disturbed the educational process in the school. In support of this position petitioner relies on the Federal court decisions of Ferrell v. Dallas Independent School District,[1] and Davis v. Firment.[2] The cited cases involved actions brought in courts of competent jurisdictions attacking the constitutional validity of school board regulations dealing with permissible hair-styling of students. In each case it was established by proof that bizarre or unusual types of hair style would in fact disturb, distract, or disrupt the educational process and therefore the regulations were held to be valid. No such attack on the constitutional validity of the regulation adopted by respondent has been made in this case. Such attack could only be made in a court of competent jurisdiction in a suit for declaratory judgment as provided by the Administrative Procedure Act of this State,[3] and cannot be litigated before the administrative agency which adopted the regulation.
Petitioner's second point is that the requirements of due process were not met and that no formal charges were made against the petitioner. This high school student was given personal notice of his violation by the Dean of students, and he admittedly ignored such notice. The stipulation presented at the hearing reflects that the student's father was informed personally and in writing as to his son's failure to comply with a regulation duly enacted by the School Board, and the father refused to have his son comply therewith. This record shows without question that both student and father were fully informed of the student's violation of the School Board's regulation and each demonstrated his wilful disobedience of the subject regulation. The Florida Legislature has explicitly empowered the school officials, the school boards, and the State Board of Public Instruction with full and complete authority to maintain discipline and decorum in the public schools of this State. By its enactments the Legislature has reflected the concern of the citizens of this State that discipline and decorum be maintained in our public school system. It is not the function of the judiciary to impose the explicit standards of criminal law as to indictment, notice and charges so as to preclude school officials from carrying out the mandate of the citizens of the State of Florida who have spoken through their legislative body. Each such incident must be judicially reviewed in the light of the record developed.
*39 Next, petitioner contends that the "Government in the Sunshine Law," Section 286.011, Florida Statutes, F.S.A., was violated by the School Board when it recessed the hearing on October 22 to reach a decision. The transcript of the proceedings discloses that petitioner's attorney stated at one point: "I think that the School Board is in a position of being a quasi-judicial administrative agency at this point * * *" The observation was correct. The School Board was acting in a quasi-judicial capacity, and the conference held by it was privileged and did not fall within the purview of the cited statute.
We are not unaware of the dicta set out in our sister court's opinion in Times Publishing Company v. Williams,[4] in treating the application of the Government in the Sunshine Law wherein by footnote that Court observed that the performance of quasi-judicial functions were not excepted by the Legislature from the application of said statute. We are aware that there are three branches of government  legislative, executive and judicial. We are further aware that the Legislature is not empowered, by statute or otherwise, to prescribe the conduct of the internal government of the judicial branch. Such constitutional authority is vested solely and exclusively by the provisions of Article V in the judicial branch of the government. The Legislature is possessed of the authority to vest quasi-judicial functions in a county board of public instruction. However, once it has transformed a certain portion of said board's responsibilities and duties into that of a judicial character, its prerogatives in the matter have ceased. Neither the public nor the press has any more right to enter into the judicial deliberations of the members of a county board of public instruction than they have to enter into the conference room of the Supreme Court of Florida when the members of that Court are deliberating upon a judicial question or into a petit jury room when those citizens are deliberating upon their verdict.
Finally, petitioner contends that the Board erred in not entering a final order at its October 22, 1968, hearing. Since the stipulation, which admits refusal to comply with the regulations, was the only evidence presented, and since the only issue argued was the constitutionality of the regulation, a question the Board is not authorized to determine, the Board refused to rescind its decision to expel the student. An administrative order need not be in any particular form, but it must be final to preserve petitioner's right of review. Here the action of the Board was final. No party was in doubt as to its decision  that being that Michael would not be allowed to attend school until he complied with the regulation  nor as to the facts upon which it was based. We conclude that under the circumstances of this case there was such a final order as to warrant this Court's review.
Certiorari denied.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] Farrell v. Dallas Independent School District (5th Cir.1968), 392 F.2d 697.
[2] Davis v. Firment (E.D.La.), 269 F. Supp. 524.
[3] Section 120.30, Florida Statutes.

"(1) Any affected party may obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for a declaratory judgment in the circuit court of the county in which such person resides or in which the executive offices of the agency are maintained. This subsection shall not apply to chapter 212.
"(2) In addition to any other ground which may exist, any rule may be declared invalid, in whole or in part, for a substantial failure to comply with the provisions of this chapter, or in the case of any emergency rule, upon the ground that the facts recited in the statement do not constitute an emergency. * * * "
[4] Times Publishing Company v. Williams, 222 So.2d 470, 474 (Fla.App.2d 1969).