38

**SATZ, et ux v. BOARD OF PUBLIC INSTRUCTION
OF DADE COUNTY, et al.**

No. 71-2556.

Circuit Court, Dade County.

July 14, 1971

Jonathan Alpert, Miami, for plaintiffs.

Robert Ware, Miami, for defendants.

THOMAS A. TESTA, Circuit Judge.

*Memorandum opinion and final judgment:* This is an action by a parent and his child to enjoin the defendant board of public instruction of Dade County and the defendant Timothy Herring, principal, from paddling his child, and declare Florida Statute 232.27 and school board policy regulation 5144, enacted under the authority thereof, invalid insofar as corporal punishment is permitted as a method of discipline, insofar as corporal punishment

without parental or student consent is permitted, and is violative of their rights to due process, because physical discipline is arbitrary, capricious and unrelated to any legitimate educational purpose, and is on its face cruel and unusual punishment in violation of article I, sections 2, 9 and 17 of the Florida Constitution and amendments V, IX, and of the VII amendment as applied to the state through the XIV amendment.

The court rejects the attack that the regulation is void for vagueness and a deprivation of due process and is cruel and unusual punishment. The judicial evaluation of school regulations cannot be predicated upon standards applicable to criminal standards of justice. Slogin v. Kaufman, 418 F.2d 163 (7 Cir. 1969) and Bank v. Board of Public Instruction of Dade County, 314 F. Supp. 285 (S.D. Fla. 1970). The regulation emphasizes the importance of exhausting all other remedial efforts prior to paddling and the referral of the student for professional evaluation and counselling, and provides for the safety of the student. School regulatory and disciplinary legislation are necessary to alleviate interference with the educational process, Tinker v. DesMoines Community School District, 393 U. S. 503, and there is a direct and consistent relationship between corporal punishment and the educational purpose prescribed in Florida Statute 231.09(2). Any effort to impose judicial restraint upon the judgment of school authorities with reference to punishment is unwarranted.

The corporal punishment provision of the statute was enacted in 1920 and contains safeguards and procedural requisites.

A perusal of the punishment statute 232.27 clearly dictates that paddling is not to be administered by the teacher, but by the principal, who is not emotionally involved, and that the area of contact shall be between the buttocks and knees, "in no case shall such punishment be degrading or unduly severe in its nature." The court cannot interfere with the clear legislative intent and salutory purpose absent a flagrant infringement of constitutional guarantees not present here. Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961).

The parent or guardian should have the unfettered right to control and raise the child without unreasonable interference by the state, Myer v. Nebraska, 262 U.S. 390, 67 L. Ed. 1042, 43 S. Ct. 625 (1922). There are, however, limitations of these parental rights, Prince v. Commonwealth of Massachussetts, 321 U.S. 158, 166, 88 L. Ed. 645, 652, 64 S.Ct. 438 (1943). The courts have held that absent "any reasonable relation to some purpose within the competency of the state", then the rules and school policy are in violation of due process under the XIV amendment, Pierce v.

Society of Sisters, 268 U.S. 510, 530, 69 L.Ed. 1070, 1076, 45 S.Ct. 571 (1924).

This court finds that the evidence fails to show that the school board's policy is arbitrary, capricious, unreasonable or totally unrelated to the orderly educational process, for the purposes of preserving both decorum in the classroom and respect for teacher and administrators. Canney v. Board of Public Instruction of Alachua County, 231 So.2d 34. "The orderly operation of the school system is one of the highest and most fundamental responsibilities of the state", and is of paramount importance more so today than ever before. Blackwell v. Issaquena County Board of Education, 5 cir. (1966) 363 F. 2d 749.

It is singular that plaintiff does not challenge the other forms of physical discipline that are equally as painful as paddling, if not, in fact, more so.

In a recent case, Ware v. Estes, 3-4147-C (N.D. Texas, June 4, 1971), the court held that corporal punishment was not cruel and unusual punishment, and this court concurs. The National Education Association conducted a survey in 1969 which showed that 75.5% of elementary school teachers in the United States favor corporal punishment as a disciplinary measure in school and 63% of the secondary teachers in the United States accept its use. NEA Research Bulletin, May, 1970.

The plaintiffs' argument that notice of paddling must be given the parents is apparently based upon a claim of a chattel property right in their child. Such right is precluded by the Emancipation Proclamation and summarily rejected. We no longer have the image and comfort of community schools. The children are now driven off to school in cavernous buses, to be whisked away to great distances on the compass. Notice, in many cases, is impractical if the punishment is to achieve the desired results. The parent, in a practical sense, will have been notified that paddling is imminent and applicable unless the child's behavior improves. There are situations where notice should be given to the parents — but this is a judgment prerogative confined to the principal which cannot be supervised by the court.

The claim that paddling was arbitrarily and unconstitutionally applied to these plaintiffs is not substantiated by the record. The child was paddled one time on his buttocks without injury after disrupting a music class. The evidence is clear that he has a history of misbehavior in this school about which his parents were notified and responded by attempting to immunize the child from paddling and so informed the principal. The son promptly followed the

classic pattern of defiance and lack of respect for the rights of others.

The plaintiffs' argument that the child or parent can redress abusive injurious punishment only in the criminal court is well taken and has given the court great concern. The parties stipulated that during the administration of physical punishment with a wooden paddle, some students sustained various degrees of injury. "It must be pointed out in this context that if the corporal punishment is unreasonable or excessive, it is no longer lawful and the perpetrator of it may be criminally and civilly liable. The law and policy do not sanction child abuse." Ware v. Estes, supra.

While the court believes the regulation is lawful, the board of public instruction is urged to redefine regulation 5144 and to set forth the following guidelines to minimize the possibility of injury or abuse for the protection of both the principals and the students —

(a) strictly adhere to principal and teacher consultation prior to paddling,

(b) utilize a perforated plastic or nylon substitute for the traditional wooden paddle, calculated to minimize injury,

(c) a coded or confidential record of paddling should be kept to compile statistical data for evaluation,

(d) exert diligent efforts to notify parents in "first time" paddlings,

(e) the number of paddle strokes should be limited and any infraction warranting a greater number should be considered in the suspension category.

Suspension versus paddling — the general situation is such that candidates for suspension are the ones most likely to fail and any interruption of attendance is often irreparable. The court noted in Bank v. School Board, supra, "that suspensions . . . are extreme measures to be employed only when all available school resources are exhausted." Florida Statute 232.26. Paddling is projected towards an object lesson with minimal consequences to classroom attendance. Any reasonable policy designed to instill discipline and respect in the educational system is vital to our present and future welfare.

Counsel for both parties are commended for the excellent presentation of their cases. Their arguments and briefs have been a great help to the court.

Accordingly, it is ordered and adjudged — (1) Florida Statute 232.27 and school board policy regulation 5144 are valid and constitutional on their face and as applied to these plaintiffs. (2) Plaintiffs take nothing by this action and the cause is dismissed with prejudice and costs taxable to the plaintiffs.