479 So.2d 297 (1985)
A.C., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2002.
District Court of Appeal of Florida, Third District.
December 10, 1985.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
*298 Jim Smith, Att. Gen. and Henry R. Barksdale, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
A petition for delinquency was filed against the appellant charging him with two counts of battery, one count of trespass upon school property, disorderly conduct, and interference with the administration of an educational institution. After hearing on the charges, the appellant moved for acquittal on the charge of interference with the administration of an educational institution and on the charge of disorderly conduct on the ground that there was no school function disturbed by the appellant and no evidence that he caused any disturbance of the peace. The motion was denied, the appellant was adjudicated delinquent on all counts, and placed in a community control program.
The instant case arose when the appellant, a nonstudent, and others went on the school campus at Allapattah Elementary School and engaged in a fight with students waiting for the school bus to take them home from school.
The sole issue on appeal is whether the trial court erred in denying the motion for judgment of acquital on the count charging interference with the administration of an educational institution, where as a matter of law the school day had ended and therefore, the alleged conduct could not have interfered with the administration of an educational institution. Clearly, part of the administration duties of the school authorities consists of overseeing the orderly and safe transportation of students to and from school. The evidence shows the appellant interfered with this function and his point is without merit. Assuming arguendo, that the appellant is correct, the adjudication of delinquency on the remaining four counts are not challenged herein and any one or all would be sufficient to sustain the order appealed. See J.B. v. State, 405 So.2d 247 (Fla. 3d DCA 1981); In the Interest of I.D.K., 360 So.2d 488 (Fla. 4th DCA 1978); W.S. v. State, 353 So.2d 181 (Fla. 3d DCA 1977).
Therefore the adjudication of delinquency is affirmed.
Affirmed.