GREEN, Judge.
Polk County school students W.E.R. and N.L.J.[1] timely appeal the final orders of the School Board of Polk County which expelled them from the Polk County district schools for the remainder of the 1998-99 and all of the 1999-2000 school years. We reverse with directions.
Trial on all issues was held by Greg M. Spanjers, Esq., hearing officer. The undisputed facts, as found by the hearing *541 officer, were that each appellant battered the same Polk County School Board employee, but that they were unaware of her official position when they committed the batteries. The determination as to whether the appellants knew the victim was a school board employee was important because punishment for battery on a school board employee is expulsion for the balance of the school year, plus an additional school year; whereas, punishment for simple battery could be less, depending on the circumstances.
The hearing officer’s findings of fact were accepted by Glen Reynolds, the superintendent of Polk County Florida District Schools, and the Polk County School Board. However, the hearing officer’s recommendation that the appellants be found guilty only of violating section 6.05 and not guilty of violating section 6.28 of the Polk County Code of Student Conduct was rejected by the superintendent and the school board.
Sections 6.05 and 6.28 of the student code provide as follows:
Section 6.05. BATTERY: a student who intentionally strikes another person against the will of the other person or intentionally causes bodily harm to another person is guilty of a serious breach of conduct which shall be reported to the proper law enforcement agency and is punishable as follows:
First Offense: Levels 4-8. Subsequent Offense: Level 8
Section 6.23 STUDENT CONFRONTATION WITH A SCHOOL BOARD EMPLOYEE: A student who strikes, pushes, pulls, shoves, fights, injures or engages in a violent confrontation involving a School Board employee as defined in Part II, Section 2.22, School Board Employee/Personnel/ Staff, is guilty of a serious breach of conduct punishable as follows:
First Offense: Level 8 [expulsion]
The school board determined that section 6.23 provides for strict liability. Based on its interpretation of the above sections, the school board concluded that knowledge of the employment status of the victim was immaterial and found both appellants in violation of section 6.23 of the student code.
The issue presented for our review is whether it is required that a student “knows or has reason to know the identity or position or employment of the victim, ...” as specified in section 784.081, Florida Statutes (1997), in order to be in violation of section 6.23 of the Polk County Code of Student Conduct.
Section 230.23015, Florida Statutes (1997) provides as follows:
230.23015. Students violating s. 784.081; expulsion or placement in alternative school setting
Notwithstanding any other provision of law, each district school board shall adopt rules providing that any student found to have committed a violation of s. 784.081(1), (2), or (3) shall be expelled or placed in an alternative school setting or other youth services or justice program, as appropriate. Upon being charged with the offense, the student shall be removed from the classroom immediately and placed in an alternative school setting pending disposition.
Section 784.081 reclassifies assaults and batteries on specified public officials and includes an increased penalty with respect to a battery upon employees of school districts. The statute, as it pertains to this appeal, requires a finding that the offender knew or had reason to know the victim’s official status. The superintendent and school board take the position that, although they must look to Florida Statutes for guidance in interpreting the code of student conduct and the discipline, they have an inherent right to promulgate rules such as sections 6.05 and 6.23 of the Code of Student Conduct. However, in its final order the school board expressly aeknowl- *542 edged that it adopted section 6.2B “in compliance with § 230.23015, Fla. Stat. (1997).”
While the school board has significant authority in matters not addressed specifically by the Legislature, it is prohibited from promulgating rules at variance with legislation. See Satan Fraternity v. Board of Pub. Instruction, 156 Fla. 222, 22 So.2d 892 (1945); Ferrara v. Hendry County Sch. Bd., 362 So.2d 371 (Fla. 2d DCA 1978); Canney v. Board of Pub. Instruction, 231 So.2d 34 (Fla. 1st DCA 1970). Section 230.03(1), Florida Statutes (1997), provides that “[a]ll actions of district school officials shall be consistent and in harmony with state laws and with rules and minimum standards of the state board and the commissioner.”
The Polk County School Board’s interpretation of section 6.23 of the Code of Student Conduct is at variance with sections 230.23015 and 784.081, Florida Statutes. We conclude that before a student may be found guilty of violating section 6.23 of the student code it is necessary to establish that he or she knew or should have known of the official position of the victim. We therefore direct that each appellant be found to have committed a battery as defined in section 6.05 of the Polk County Code of Student Conduct and that the orders finding that they committed the offense of battery on a school board employee as defined in section 6.23 be reversed.
Reversed with directions for further proceedings consistent with this opinion.
PARKER, A.C.J., and FULMER, J., Concur.

. Appellants are juveniles, and therefore, they are not identified.