865 So.2d 674 (2004)
T.T., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4683.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
*675 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
We affirm a juvenile's conviction for knowingly disrupting a school function. The incidents occurred at an awards ceremony at a high school. The juvenile argues that she was entitled to a judgment of acquittal. From an examination of the record, we conclude that there was sufficient evidence that she "knowingly" disrupted the proceedings.
When one school official was asked to describe the juvenile's conduct that led to a decision to have the police remove her, he answered:
"Yelling, screaming. She stood up when she was not permitted to. She came to the back requested to use the bathroom, we told her `no, we're too close to dismissal.' She insisted on going to the bathroom. Instead of us making a big scene, [we] let her pass. When she came out, I was standing there with [another assistant principal] and [we] said ... `when you go back, you're to maintain the dignity that's expected of you on this occasion.' Five minutes later or two minutes later, she's screaming again. It was that time that we made a decision it was better to have her removed. She was asked to leave. We would have walked her out, had ... her sit in the cafeteria or sit out on the steps out of the Gymnasium. That was our intention just to remove the noise factor." *676 Yet when the officer asked her to leave, she refused. The officer testified that he placed his hand behind her right arm to escort her out, and she "jerked backwards refusing to go." That incident "absolutely" caused "a scene." With the aid of another officer, the juvenile was forcibly removed. An assistant principal testified that the juvenile's refusal to leave with the police officer disrupted the events.
Section 877.13 states that "[i]t is unlawful for any person knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state." § 877.13, Fla. Stat. (2003). The statute is designed to prohibit acts that are "specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property." T.H. v. State, 797 So.2d 1291, 1292 (Fla. 4th DCA 2001) (quoting M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997)) (holding that statute is not overbroad or unconstitutionally vague). This "is to ensure that the educational institutions and their administrators are free to perform their lawful functions without undue or unwarranted interference or disruption from others." M.C., 695 So.2d at 480. "[I]ts intended purpose is to prevent only that expression or conduct which materially disrupts or interferes with normal school functions or activities." Id. at 481.
It is true that one is entitled to resist an unlawful seizure without violence and thereby avoid committing the crime of resisting arrest. McNeil v. State, 746 So.2d 547, 550 (Fla. 5th DCA 1999). Thus while this juvenile might have been able to resist a seizure by officers arising from similar conduct outside of school in the general public, she could not do so at a school function where her resistance itself disrupted the event. There is no suggestion in the testimony of anyone that her conduct in refusing to accompany the police officer was anything but knowing and purposeful on her part.
AFFIRMED.
POLEN, J., concurs.
ANDREWS, ROBERT LANCE, Associate Judge, concurs specially with opinion.
ANDREWS, ROBERT LANCE, concurring specially.
I agree with the holding of the majority, but write separately to emphasize the long recognized principle that "the conduct and discipline of the public schools and public school system is vested primarily in the county boards of public instruction and so long as disciplinary measures imposed by them are within reason, they will not be disturbed." Satan Fraternity v. Bd. of Pub. Instruction, 156 Fla. 222, 22 So.2d 892, 893 (1945).
In the matter below, appellant was charged with violating section 877.13(1)(a), Florida Statutes (2003), which makes it unlawful for any person "knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state." Appellant was charged with violating this statute for knowingly disrupting the school's annual awards ceremony. Prior to the awards ceremony, the principal set out the guidelines with regard to the students' conduct. The principal instructed students that they could clap, but should only do so after the recipient had received his or her award. Furthermore, the principal told the students that no yelling was to take place during the ceremony. Despite these rules being set, appellant was talking and yelling loudly during the *677 school awards ceremony. Appellant was informed on a number of occasions that her conduct was inappropriate. Rather than complying with the order to lower her voice and follow the guidelines which had been set, she became confrontational and continued to engage in the forbidden conduct. Finally, her behavior was such that she had to be forcibly removed by the campus police, which caused the ceremony to be halted temporarily. These facts establish that appellant committed acts which a reasonable person would expect to cause a disturbance, and she acted with intent or reckless disregard of the consequences of her behavior, and the trial court properly denied her motion for acquittal. See S.H.B. v. State, 355 So.2d 1176 (Fla.1977).
Appellant was charged because she willfully failed to abide by the school's regulations regarding conduct at the awards ceremony. As was so eloquently stated by the court in Stevenson v. Wheeler County Board of Education, 306 F.Supp. 97 (S.D.Ga.1969):
Among the things a student is supposed to learn at school ... is a sense of discipline. Of course, rules cannot be made by authorities for the sake of making them but they should possess considerable leeway in promulgating regulations for the proper conduct of students... By accepting an education at public expense pupils at the elementary or high school level subject themselves to considerable discretion on the part of school authorities as to the manner in which they deport themselves. Those who run public schools should be the judges in such matters, not the courts. The quicker judges get out of the business of running schools the better.
Id. at 101.
The school was acting reasonably in establishing what constituted appropriate behavior at the awards ceremony, and the disciplinary measures to be taken when the administrators found appellant's conduct was interfering with a lawful school function. If the school did not arbitrarily exceed its authority, it is not for the courts to interfere with its action.