FARMER, C.J.
We affirm a juvenile’s conviction for knowingly disrupting a school function. The incidents occurred at an awards ceremony at a high school. The juvenile argues that she was entitled to a judgment of acquittal. From an examination of the record, we conclude that there was sufficient evidence that she “knowingly” disrupted the proceedings.
When one school official was asked to describe the juvenile’s conduct that led to a decision to have the police remove her, he answered:
“Yelling, screaming. She stood up when she was not permitted to. She came to the back requested to use the bathroom, we told her ‘no, we’re too close to dismissal.’ She insisted on going to the bathroom. Instead of us making a big scene, [we] let her pass. When she came out, I was standing there with [another assistant principal] and [we] said ... ‘when you go back, you’re to maintain the dignity that’s expected of you on this occasion.’ Five minutes later or two minutes later, she’s screaming again. It was that time that we made a decision it was better to have her removed. She was asked to leave. We would have walked her out, had ... her sit in the cafeteria or sit out on the steps out of the Gymnasium. That was our intention just to remove the noise factor.”
*676 Yet when the officer asked her to leave, she refused. The officer testified that he placed his hand behind her right arm to escort her out, and she “jerked backwards refusing to go.” That incident “absolutely” caused “a scene.” With the aid of another officer, the juvenile was forcibly removed. An assistant principal testified that the juvenile’s refusal to leave with the police officer disrupted the events.
Section 877.13 states that “[i]t is unlawful for any person knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.” § 877.13, Fla. Stat. (2003). The statute is designed to prohibit acts that are “specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school’s property.” T.H. v. State, 797 So.2d 1291, 1292 (Fla. 4th DCA 2001) (quoting M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997)) (holding that statute is not overbroad or unconstitutionally vague). This “is to ensure that the educational institutions and their administrators are free to perform their lawful functions without undue or unwarranted interference or disruption from others.” M.C., 695 So.2d at 480. “[I]ts intended purpose is to prevent only that expression or conduct which materially disrupts or interferes with normal school functions or activities.” Id. at 481.
It is true that one is entitled to resist an unlawful seizure without violence and thereby avoid committing the crime of resisting arrest. McNeil v. State, 746 So.2d 547, 550 (Fla. 5th DCA 1999). Thus while this juvenile might have been able to resist a seizure by officers arising from similar conduct outside of school in the general public, she could not do so at a school function where her resistance itself disrupted the event. There is no suggestion in the testimony of anyone that her conduct in refusing to accompany the police officer was anything but knowing and purposeful on her part.
AFFIRMED.
POLEN, J., concurs.
ANDREWS, ROBERT LANCE, Associate Judge, concurs specially with opinion.