ANDREWS, ROBERT LANCE,
concurring specially.
I agree with the holding of the majority, but write separately to emphasize the long recognized principle that “the conduct and discipline of the public schools and public school system is vested primarily in the county boards of public instruction and so long as disciplinary measures imposed by them are within reason, they will not be disturbed.” Satan Fraternity v. Bd. of Pub. Instruction, 156 Fla. 222, 22 So.2d 892, 893 (1945).
In the matter below, appellant was charged with violating section 877.13(l)(a), Florida Statutes (2003), which makes it unlawful for any person “knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.” Appellant was charged with violating this statute for knowingly disrupting the school’s annual awards ceremony. Prior to the awards ceremony, the principal set out the guidelines with regard to the students’ conduct. The principal instructed students that they could clap, but should only do so after the recipient had received his or her award. Furthermore, the principal told the students that no yelling was to take place during the ceremony. Despite these rules being set, appellant was talking and yelling loudly during the *677 school awards ceremony. Appellant was informed on a number of occasions that her conduct was inappropriate. Rather than complying with the order to lower her voice and follow the guidelines which had been set, she became confrontational and continued to engage in the forbidden conduct. Finally, her behavior was such that she had to be forcibly removed by the campus police, which caused the ceremony to be halted temporarily. These facts establish that appellant committed acts which a reasonable person would expect to cause a disturbance, and she acted with intent or reckless disregard of the consequences of her behavior, and the trial court properly denied her motion for acquittal. See S.H.B. v. State, 355 So.2d 1176 (Fla.1977).
Appellant was charged because she willfully failed to abide by the school’s regulations regarding conduct at the awards ceremony. As was so eloquently stated by the court in Stevenson v. Wheeler County Board of Education, 306 F.Supp. 97 (SD.Ga.1969):
Among the things a student is supposed to learn at school ... is a sense of discipline. Of course, rules cannot be made by authorities for the sake of making them but they should possess considerable leeway in promulgating regulations for the proper conduct of students ... By accepting an education at public expense pupils at the elementary or high school level subject themselves to considerable discretion on the part of school authorities as to the manner in which they deport themselves. Those who run public schools should be the judges in such matters, not the courts. The quicker judges get out of the business of running schools the better.
Id. at 101.
The school was acting reasonably in establishing what constituted appropriate behavior at the awards ceremony, and the disciplinary measures to be taken when the administrators found appellant’s conduct was interfering with a lawful school function. If the school did not arbitrarily exceed its authority, it is not for the courts to interfere with its action.