STRINGER, Judge.
L.T., a juvenile, seeks review of an order withholding adjudication and placing L.T. *552 on probation after the court found L.T. guilty of disrupting a school function. L.T. argues that the trial court erred in failing to grant her motion for judgment of dismissal because there was no evidence that L.T. intended to disrupt a school function. We agree and reverse on this basis.
This court reviews a trial court’s ruling on a motion for judgment of dismissal de novo. E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003). “The evidence must be viewed in the light most favorable to the State, and if a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt, sufficient evidence exists to sustain the conviction.” Id. However, a judgment of dismissal is proper if the State fails to prove a prima facie case of the crime at issue. Id.
Section 877.13, Florida Statutes (2005), defines the crime of disrupting a school function as follows:
(1) It is unlawful for any person:
(a) Knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.
This offense contains a specific intent element that requires conduct “specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school’s property.” M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997); see also T.T. v. State, 865 So.2d 674, 676 (Fla. 4th DCA 2004); C.K. v. State, 850 So.2d 636, 637 (Fla. 1st DCA 2003).
L.T. argues that the State did not prove a prima facie case of disrupting a school function because there was no evidence she intended to stop or temporarily impede the progress of any normal school function. L.T. argues that the evidence showed that she “merely reacted to an upsetting situation,” which was an attack on her sister by a classmate. We agree that there was no evidence of specific intent in this ease.
The evidence showed that L.T.’s sister confronted a girl in the school hallway and asked the girl if she had written something about L.T. on a piece of paper. The girl said she did not know L.T.’s sister and L.T.’s sister pointed to L.T., who was standing nearby. L.T.’s sister then shoved a piece of paper with writing on it in the girl’s face. When the girl started to walk away, L.T.’s sister swung at her, and the two started to fight. The girl was holding L.T.’s sister’s head down when L.T. joined the fight. L.T. testified that she merely pushed her sister away and only started fighting with the girl because the girl pushed her. The girl agreed that L.T. entered the fight when the girl was holding L.T.’s sister’s head down but testified that L.T. swung at her first.
It should be noted that the trial court dismissed a battery charge against L.T., finding that L.T. may have believed she was coming to the aid of her sister. The court ruled:
Well, I’ve got a reasonable doubt about the battery. I think this is a situation where justifiable use of non-deadly force might be applicable. She saw her sister getting beat up by someone else and felt the need to get involved for the protection of her sister. So, I’m going to find her not guilty of the battery but I am going to find her guilty of disrupting the school campus or function, because she knew she was doing that.
We agree with L.T. that the evidence does not establish a specific intent to stop or temporarily impede the progress of any normal school function. As found by the trial court, the evidence merely established that L.T. joined an already on-going fight *553 for the sole purpose of protecting her sister. L.T. did not instigate the fight and evidence she “knew” she was disrupting the school campus is not evidence that she specifically intended to do so.
Reversed.
LaROSE, J. and THREADGILL, EDWARD F., JR., Senior Judge, Concur.