COHEN, J.
M.M. was arrested and charged with resisting an officer without violence, disorderly conduct, and disruption of a school function. Following trial, M.M. was found guilty of resisting an officer without violence and disruption of a school function, but not guilty of disorderly conduct. After preparing a pre-disposition report, the court withheld adjudication of guilt and placed M.M. on community control. This appeal followed.
Only two issues raised by M.M. merit discussion. M.M. claims that he cannot be found to have violated section 877.13, Florida Statutes (2007), because his conduct, which resulted in the disruption of bus transportation, occurred after school. In relevant part, section 877.13 provides:
(1) It is unlawful for any person:
(a) knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.
The fact that M.M.’s actions occurred after classes formally ended is not disposi-tive. That argument was addressed and rejected in AC. v. State, 479 So.2d 297 (Fla. 3d DCA 1985). AC. involved a fight between non-students and students, while the students were waiting for a school bus to take them home. The court found that the safe transportation of students to and from school was integral to the administration of an educational institution. We agree. The functions of an educational institution inherently extend beyond the classroom.
M.M.’s reliance upon AM.P. v. State, 927 So.2d 97 (Fla. 5th DCA 2006), is like *474 wise misplaced. A.M.P. involved a fight in a high school bathroom where the evidence established there was no disruption to the remainder of the school but, rather, was limited to a fight between two students. AMP. should not be read to require disruption of classes to constitute a violation of section 877.13. The plain reading of the statute counsels against such a narrow interpretation.
M.M. asserts that the evidence failed to establish that he had a specific intent to disrupt or interfere with school functions. However, intent is an issue for the trier of fact. See State v. Gee, 624 So.2d 284, 285 (Fla. 2d DCA 1993). In this case, the evidence showed that M.M. knew there were other students on the bus as it prepared to leave and that by leaving the bus he disrupted its schedule, as well as the schedule of other buses. That is sufficient to establish a violation of section 877.13. See T.J. v. State, 867 So.2d 1238 (Fla. 5th DCA 2004) (student’s refusal to calm down, despite repeated warnings, which interfered with community assistant’s ability to assist other students, was a violation of section 877.13); T.T. v. State, 865 So.2d 674 (Fla. 4th DCA 2004) (student’s refusal to leave with an officer that disrupted a high school awards ceremony violated section 877.13); J.J. v. State, 944 So.2d 518 (Fla. 4th DCA 2006) (inciting female students to fight, despite repeated requests to stop, that resulted in cafeteria getting louder, crowd forming around a table, and disruption of breakfast service, violated section 877.13).
AFFIRMED.
PALMER, C.J., concurs.
GRIFFIN, J., dissents, with opinion.