DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**H.N.B.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3111

[July 19, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312016CJ000031A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The juvenile appeals from the circuit court's disposition order following the court finding him guilty of disrupting an educational institution in violation of Section 877.13, Florida Statutes (2016). The charge stemmed from the juvenile's fight with another student at their school one morning. The juvenile argues that the court erred in denying his motion for judgment of dismissal because the state did not present sufficient evidence of: (1) a specific intent to disrupt school activities; or (2) any material disruption resulting from his conduct. We agree with the juvenile's argument. We reverse for entry of a judgment of dismissal.

### The State's Evidence

At the adjudicatory hearing, the state presented the following evidence. The juvenile and the other student were involved in an ongoing feud. Before the morning of the fight at issue in this case, an assistant principal had warned the juvenile and the other student at least twice "about not bringing this kind of trouble on the school campus."

On the morning of the fight at issue, the other student and his sister were standing near the school's bus loop, waiting for school to start, when the juvenile exited his bus and passed by them. The two boys looked at each other and began arguing. As they continued arguing, the two boys walked towards each other. The boys then removed their backpacks. The other student's sister described what happened next: "[T]hey locked up. Like they ran up, like walked up to each other and they locked up and like, pretty much like started fighting and then they fell on the floor and then [a third student] came and broke it up." The fight was very short. No school staff member was around when the fight occurred.

After the third student broke up the fight, the boys continued arguing. The juvenile took off his shirt and tried to provoke the other student to continue the fight. However, the boys ultimately walked away from each other. The other student and his sister walked towards the nearby cafeteria where breakfast was being served. The fight had not stopped students from unloading off the busses or going to the cafeteria.

While the fight had been occurring, a student ran to the school's resource officer, who was on the other side of the bus loop, and told the resource officer about the fight. The resource officer testified that he headed towards the fight's location. As soon as he began heading toward the fight's location, he saw the juvenile walking away from that location. The juvenile was not wearing a shirt. The resource officer immediately escorted the juvenile to the assistant principal's office. While the resource officer was escorting the juvenile, the juvenile did not scream, holler, cuss or wave his arms. However, the juvenile was attracting other students' attention because he was shirtless and walking with the resource officer.

An assistant principal also testified. He said he was positioned on the back of the courtyard when he noticed numerous students moving quickly, "very differently than they normally do," and "bunching up" in an area near the bus loop. When he started moving to that area, he saw the resource officer leading the shirtless juvenile away from the crowd. The assistant principal testified that although some crowding occurred near the gate which led to the cafeteria, the fight had not disrupted bus service or the serving of breakfast.

At the close of the state's evidence, the juvenile's counsel moved for a judgment of dismissal. The juvenile's counsel, quoting from our opinion in *T.H. v. State*, 797 So. 2d 1291 (Fla. 4th DCA 2001), stated that "the statute seeks to prohibit acts which are specifically and intentionally designed to stop or temporarily impede the progress of any normal school

2

function or activity occurring on the school's property." According to the juvenile's counsel, a fight is not enough unless evidence exists "of knowing or intentional conduct designed to disrupt a school function or activity," and "[i]n this case . . . it was just . . . a fight between two kids and there was no disruption after that." The juvenile's counsel concluded by arguing, "What the State . . . has done in this case is . . . proven an affray between the two kids . . . but that's not what he's charged with. What he's charged with is intentionally disrupting a school function, which there's no evidence of that, despite the fact that there might have been kids going in this direction or that direction . . . different from the normal movement of the kids."

The prosecutor responded, "The willfulness in this case is different because these two kids intended to fight and square off with one another and chose the setting to be the school. They previously had been warned not to do this. So this is different than two people just getting into a fight and it happens to be the school." The prosecutor also argued that the smooth operation of the school was disrupted because, after the fight, students gathered around the entrance to the cafeteria, even though the cafeteria did not shut down.

The circuit court denied the motion for judgment of dismissal. Later, the court entered an order finding the state proved beyond a reasonable doubt that the defendant committed disruption of an educational institution as charged. After a disposition hearing, the court withheld adjudication of delinquency and placed the juvenile on probation.

This appeal followed. The juvenile argues that the court erred in denying his motion for judgment of dismissal because the state did not present sufficient evidence of: (1) a specific intent to disrupt school activities; or (2) any material disruption resulting from his conduct.

### *Our Review*

We summarized our standard of review in *S.B. v. State*, 31 So. 3d 968 (Fla. 4th DCA 2010):

> Because the standard of review that applies to motions for judgment of dismissal in a juvenile case is the same standard that applies to motions for judgment of acquittal in an adult criminal case, the juvenile court's ruling is reviewed de novo. When moving for a judgment of acquittal, a defendant admits both the facts adduced, as well as every conclusion favorable to the State that a finder of fact could fairly and reasonably

infer from the evidence. Evidence is sufficient to sustain a conviction if a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State.

*Id.* at 969–70 (internal citations omitted).

Applying the foregoing standard of review, we agree with the juvenile's argument that the circuit court erred in denying his motion for judgment of dismissal.

Section 877.13(1)(a), Florida Statutes (2016), states: "It is unlawful for any person . . . [k]nowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state."

We previously have interpreted section 877.13(1)(a) as follows:

> The statute is designed to prohibit acts that are *specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property.* This is to ensure that the educational institutions and their administrators are free to perform their lawful functions without undue or unwarranted interference or disruption from others. *Its intended purpose is to prevent only that expression or conduct which materially disrupts or interferes with normal school functions or activities.*

*T.T. v. State*, 865 So. 2d 674, 676 (Fla. 4th DCA 2004) (emphasis added; internal alterations, citations, and quotation marks omitted).

Our sister courts similarly have held that section 877.13(1)(a) contains a specific intent element. *See L.T. v. State*, 941 So. 2d 551, 552 (Fla. 2d DCA 2006) ("This offense contains a specific intent element . . . .") (citations omitted); *A.M.P. v. State*, 927 So. 2d 97, 100 (Fla. 5th DCA 2006) ("The statute's requirement that one must 'knowingly' disrupt the functioning of an educational institution suggests that the prohibited conduct requires some sort of purposeful interference with school activities."); *C.K. v. State*, 850 So. 2d 636, 637 (Fla. 1st DCA 2003) ("This statute contains a specific scienter requirement . . . .") (citations omitted).

The third district further has held that section 877.13(1)(a)'s use of the term "'disrupt' is synonymous with 'interfere' and its plain and ordinary meaning is to throw into confusion or disorder [or] to interrupt or impede

4

the progress, movement, or procedure of [or] to break or burst; rupture." *M.C. v. State*, 695 So. 2d 477, 483 (Fla. 3d DCA 1997) (alterations, citations, and some quotation marks omitted). We agree with those holdings and have considered their import in our evaluation of this case.

Of the many cases applying section 877.13(1)(a) to various factual scenarios, the most factually analogous case is our opinion in *T.H. v. State*, 797 So. 2d 1291 (Fla. 4th DCA 2001). *T.H.* states, in pertinent part:

> We reverse the conviction for knowingly disrupting or interfering with the lawful administration or functions of an educational institution. § 877.13(1)(a), Fla. Stat. (2000). The statute seeks to prohibit acts which are "specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property." *M.C. v. State,* 695 So. 2d 477, 483 (Fla. 3d DCA 1997).
>
> Appellant got into a fight with another student on a high school campus at 7:00 a.m., before school began. The fight was over a girl. The fuel for the fight was jealousy. There was no evidence of knowing or intentional conduct designed to disrupt a school function or activity. Also, no school function or activity was taking place at the time and location of the fight. Unlike *A.C. v. State,* 479 So. 2d 297 (Fla. 3d DCA 1985), appellant did not pick a fight with students waiting to go home on the school bus; transportation of students to and from school is clearly part of the administration of an educational institution under section 877.13(1). *See id.* at 298.

797 So. 2d at 1292.

The instant case's facts are very similar to *T.H.* Viewing the evidence in the light most favorable to the state, no evidence existed that the juvenile knowingly disrupted or interfered with the school's administration or functions. The fight itself did not disrupt the school's administration or functions. The fight broke up before most other students even reacted. What ultimately got the other students' attention was the shirtless juvenile being calmly escorted to the principal's office by the resource officer. But even that event did not disrupt the school's administration or functions. The assistant principal testified that although some crowding occurred near the gate which led to the cafeteria, the fight had not disrupted bus service or the serving of breakfast.

5

We distinguish the instant case from another of our previous cases where we concluded, based on more egregious facts, that a juvenile knowingly disrupted or interfered with a school's administration or functions. *See J.J. v. State*, 944 So. 2d 518, 519-20 (Fla. 4th DCA 2006) (affirming adjudication where juvenile: (1) incited two other students to fight in the cafeteria; (2) resisted a school employee's numerous attempts to control his behavior; (3) caused other students to get louder and crowd around the other students; (4) interfered with the serving of breakfast; and (5) had to be forcibly escorted by two other school employees from the cafeteria).

In sum, not every school fight, and not every event which draws other students' attention, amounts to disrupting an educational institution in violation of section 877.13(1)(a). *See A.M.P.*, 927 So. 2d at 100 ("A broad interpretation of the statute would turn virtually every infraction of school rules into a criminal act to the extent that the infraction occurred on school grounds, during school hours, and required the attention of school officials.").

While another charge against the juvenile may have been appropriate under the facts of this case, the charge of disruption of an educational institution was not proven here. *See M.S.G., III v. State*, 971 So. 2d 273, 274 (Fla. 1st DCA 2008) (where "child was involved in a fight on the school grounds but there was no evidence that he acted with the deliberate intent to disrupt a school function," the evidence was insufficient to support the disruption charge, but was sufficient to support an affray charge).

Based on the foregoing, we reverse and remand for entry of a judgment of dismissal.

*Reversed and remanded for entry of judgment of dismissal.*

GROSS and KUNTZ, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

6