DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.S.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1754

[November 29, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312015CJ000272A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant M.S., a juvenile, appeals from the circuit court's final judgment that he was guilty of disrupting an educational institution in violation of section 877.13, Florida Statutes (2016), for which the court withheld adjudication. This charge, and the charge of affray (not relevant to this appeal), stemmed from Appellant's fight with another student in the school hallway while changing class periods. Appellant argues that the court erred in denying his motion for judgment of dismissal because the State did not present sufficient evidence to support a conviction of disrupting an educational institution. We agree with Appellant and thus reverse and remand for entry of a judgment of dismissal on this count.

**Background**

At the adjudicatory hearing, the State presented the following evidence. While changing class periods, Appellant approached another student in the hallway and they engaged in a tense verbal exchange. After pushing each other, the two began to scuffle and other students gathered around

the scene making it difficult to pass through the hallway. One of the onlookers pulled the backpack off of the other student during the fight. The physical altercation lasted for less than one minute before school officials arrived, broke up the fight, and chased the onlookers away.

At the close of the State's evidence, Appellant's counsel moved for a judgment of dismissal. The trial court denied the motion because of the crowd of onlookers the scene created and because the number of officials that reported to the scene were "a little bit more than necessary to . . . just monitor the hallways." The court entered an order finding the State proved beyond a reasonable doubt that Appellant committed disruption of an educational institution as charged. After a disposition hearing, the court withheld adjudication of delinquency and placed Appellant on probation.

## Analysis

Our standard of review is summarized in *S.B. v. State*, 31 So. 3d 968 (Fla. 4th DCA 2010):

> Because the standard of review that applies to motions for judgment of dismissal in a juvenile case is the same standard that applies to motions for judgment of acquittal in an adult criminal case, the juvenile court's ruling is reviewed de novo. When moving for a judgment of acquittal, a defendant admits both the facts adduced, as well as every conclusion favorable to the State that a finder of fact could fairly and reasonably infer from the evidence. Evidence is sufficient to sustain a conviction if a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State.

*Id.* at 969-70 (citations omitted); *accord H.N.B. v. State*, 223 So. 3d 308, 310 (Fla. 4th DCA 2017).

Applying this standard of review, we agree with Appellant's argument that the trial court erred in denying his motion for judgment of dismissal as to this charge.

Section 877.13(1)(a), Florida Statutes (2016), states: "It is unlawful for any person . . . [k]nowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state." Violating this statute requires specific intent. *See H.N.B.*, 223 So. 3d at 310 ("The statute is designed to prohibit acts that are specifically and intentionally designed to

2

stop or temporarily impede the progress of any normal school function or activity . . . ." (emphasis omitted) (quoting *T.T. v. State*, 865 So. 2d 674, 676 (Fla. 4th DCA 2004))); *L.T. v. State*, 941 So. 2d 551, 552 (Fla. 2d DCA 2006) ("This offense contains a specific intent element . . . ."); *A.M.P. v. State*, 927 So. 2d 97, 100 (Fla. 5th DCA 2006) ("[T]he prohibited conduct requires some sort of purposeful interference with school activities.").

Case law distinguishes mere run-of-the-mill physical altercations between students from other actions which are intended to and actually disrupt or interfere with a school's administration. *See H.N.B.*, 223 So. 3d at 311-12 ("[N]ot every school fight, and not every event which draws other students' attention, amounts to disrupting an educational institution in violation of section 877.13(1)(a)."); *A.M.P.*, 927 So. 2d at 100 ("A broad interpretation of the statute would turn virtually every infraction of school rules into a criminal act to the extent that the infraction occurred on school grounds, during school hours, and required the attention of school officials.").

In the instant case, two students were engaged in a physical altercation that lasted less than one minute before official intervention. This fight created a group of onlookers who crowded the hallway, but they were immediately chased away by school officials, and there is no evidence that any of the students were late to class. These facts do not demonstrate the type of flagrant or provocative behavior that rises to the level of specific intent to disrupt the function of the school. The evidence that there was an unplanned short fight between two students is, standing alone, generally insufficient to show the intent required to violate the statute. *See H.N.B.*, 223 So. 3d at 309 (finding no statutory violation even though the fight on school grounds caused students to crowd around, because, despite the disturbance, the incident "had not disrupted the bus service or the serving of breakfast"); *T.H. v. State*, 797 So. 2d 1291, 1292 (Fla. 4th DCA 2001) (finding there was no evidence of knowing or intentional conduct designed to disrupt a school function or activity in a case involving a fight over a girl at school before class began, as "[t]he fuel for the fight was jealousy"); *L.T.*, 941 So. 2d at 552-53 (finding insufficient evidence of a violation when the juvenile joined an on-going fight, even with evidence that "she 'knew' she was disrupting the school campus," because that is "not evidence that she specifically intended to do so"); *A.M.P.*, 927 So. 2d at 99-100 (finding no intent to disrupt and that the function of the school was not disrupted where the juvenile was fighting in a bathroom, intentionally bumped the assistant principal with her shoulder, and caused the assistant principal to spend several hours handling the situation).

3

In reaching its decision to deny Appellant's motion to dismiss the disrupting charge, the trial court emphasized the fact that several school officials were needed to address the incident and move the onlookers along. However, the use of school resources is not determinative of the intent of the student. In a similar case, the lower court rejected the State's argument that, because school administrators had "to break up this fight and they had to engage in their time and basically divert all their attention to the defendant's conduct[, it was] certainly a disruption in the educational institution [as otherwise, the administrators] would be going about their ordinary course of business to be administering the school." *A.M.P.*, 927 So. 2d at 99. The Fifth District Court of Appeal agreed with the lower court that, despite testimony that a couple of hours were spent dealing with the situation, there "was no evidence offered of any intent to disrupt and no evidence that the function of the institution was disrupted." *Id.* at 100.

In the instant case, there was no evidence that Appellant intended to disrupt the school, or that this fight caused a more than *de minimis* disruption or interference with the school's administration or function.[1] Although disciplinary action by the school itself appears to be supported, the second degree misdemeanor conviction of disruption of a school function is not.

**Conclusion**

---

[1] As such, this case is distinguishable from cases where education disruption convictions were affirmed. *See, e.g., S.H.B. v. State*, 355 So. 2d 1176, 1178-79 (Fla. 1977) (the juvenile's conviction was based on findings that he ran through the halls while class was in session, creating a situation where students in class were gathering at the doors to view the occurrence; ignored requests that he return to class; refused to leave school grounds when instructed by the principal; and loudly used obscenities toward a teacher); *J.J. v. State*, 944 So. 2d 518, 519-20 (Fla. 4th DCA 2006) (the juvenile was found to have incited two other students to fight in the cafeteria; resisted a school employee's numerous attempts to control his behavior; disrupted the serving of breakfast; and was forcibly escorted by two other school employees from the cafeteria); *T.T.*, 865 So. 2d at 675-76 (finding the juvenile yelled, screamed, and stood up during a school award ceremony, refusing to leave after a police officer's orders, resulting in his forcible removal by two officers); *M.M. v. State*, 997 So. 2d 472, 473 (Fla. 5th DCA 2008) (the juvenile's disorderly behavior was found to have disrupted and interfered with the bus schedule); *M.C. v. State*, 695 So. 2d 477, 479 (Fla. 3d DCA 1997) (there was a violation where the juvenile stormed into the main office of the school, waving her hands and insulting a school police officer in a loud and threatening manner for arresting her brother moments earlier, thus inciting a group of students to join in her protest).

The State failed to establish that Appellant knowingly disrupted or interfered with his school's administration or functions beyond a *de minimis* (if any) impact.  Accordingly, we reverse and remand for entry of a judgment of dismissal on this count.

*Reversed and remanded for entry of judgment of dismissal.*

LEVINE and KUNTZ, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***