BOYD, Judge.
After a hearing before juvenile court, the state’s petition to have appellant adjudicated delinquent for violation of Section 871.-01, Florida Statutes, was sustained. Adjudication was withheld and appellant was placed on probation.
Section 871.01, Florida Statutes, states: “Whoever wilfully interrupts or disturbs any school or any assembly of people met for the worship of God or for any lawful purpose shall be guilty of a misdemeanor of the second degree . . . In denying appellant’s motion for a new trial the Circuit Court initially and directly ruled on the constitutionality of Section 871.01, holding it to be constitutional on its *1178 face and as applied to appellant in the instant case. We have jurisdiction.[1]
The arguments presented by appellant are that the statute is constitutionally void for overbreadth and that it may not be constitutionally applied to him under the facts of this case because his activity was protected by the First Amendment to the U. S. Constitution. He cites cases arising under Section 877.03, Florida Statutes, in support of his argument. Section 877.03 is the “breach of the peace” statute, which was held constitutional in White v. State, 330 So.2d 3 (Fla.1976). Appellant urges that the statute under which he was convicted and the “breach of the peace” statute are analogous and that his behavior should be judged under the standards of the latter as construed in White. However, Section 877.03, by its obvious breadth and its susceptibility to abuse by authorities, is subject to certain restraints in application which do not apply to Section 871.01. Thus, the cases defining the constitutional limits of Section 877.03 are not entirely apposite in this case.
Section 871.01 is a more explicit statute dealing with a particular kind of disturbance, i. e., the disturbance of a lawful assembly. It is not a rephrasing of Section 877.03, but is supplementary to it. It recognizes and provides penalties for the deliberate disruption of a peaceful and lawful assembly. The statute enumerates school gatherings and religious worship as the kinds of assemblies which it seeks to protect. These functions are fragile by their nature. They generally require a high degree of voluntary restraint and cooperation to produce the harmony necessary for their effectiveness. Thus, they are highly vulnerable to disturbance. A single individual may cause havoc in a situation in which hundreds of others have sought a common purpose.
For this reason, certain acts are proscribed in. this setting which might be tolerable in the general public realm. Because of the innumerable situations and types of conduct involved, the question of what conduct is forbidden must be determined largely on a case-by-case basis. Generally, it is at the trial level that this decision will be made. However, the Constitution requires that certain guidelines be followed so that unnecessary infringement of individual liberties does not occur. It must be recognized that all civil freedoms have limits, though these limits should be drawn as broadly as possible and only placed with the greatest justification.
To commit an offense under Section 871.01 a person must have deliberately acted to create a disturbance. That is, he must act with the intention that his behavior impede the successful functioning of the assembly in which he has intervened, or with reckless disregard of the effect of his behavior. The acts complained of must be such that a reasonable person would expect them to be disruptive. Finally, the acts must, in fact, significantly disturb the assembly. These elements are inherent in the statute as drafted.
Since it is impossible to predict the type of behavior a person might use to cause a disruption, the statute cannot be more specific. But the elements of the offense, as outlined above, prevent an innocent party genuinely exercising his civil rights from being penalized.
In the case sub judice, innocence of purpose is not a factor. The appellant ran through the halls of Ribault Junior High School while classes were in session, in a group which was talking loudly, at a time when appellant was supposed to be in class. It was testified that students crowded the doors of the classrooms to view the occurrence. Appellant ignored requests that he return to class and continued his escapades in the hallways. When finally confronted by a teacher near the cafeteria, after having been asked by the principal to leave the school grounds, the defendant loudly uttered obscenities at the teacher, causing a crowd to gather. These facts establish that appellant committed acts which a reasonable person would expect to cause a distur *1179 bance, and that he acted with intent or with reckless disregard of the consequences of his behavior. The evidence shows that a disruption of the school’s functions did, in fact, occur.
As the appellant notes, mere words, when used as a tool of communication, are constitutionally protected. But the protection fails when, by the manner of their use, the words invade the right of others to pursue their lawful activities. As we said in White: “It is the degree of loudness, and the circumstances in which they are uttered, which takes them out of the constitutionally protected area.”[2] We note that appellant’s conduct consisted of more than words — e. g., running through the halls of a school in session, disobeying the lawful and reasonable requests of school officials, and repeated loud utterances. The totality of these acts, in the context in which they were performed, constitutes a willful disturbance of a school by appellant, in violation of Section 871.01, Florida Statutes.
It should be noted that purported offenses under Section 871.01 are to be judged by the circumstances in which they occur. It takes more to disturb a parade than a church service. However, in a public school, appellant’s conduct coupled with strident profanity in defiance of school authorities, causing an interruption in the school’s activities, is forbidden under the statute.
The judgment of the Circuit Court is affirmed.
It is so ordered.
OVERTON, C. J., ADKINS and KARL, JJ., concur.
ENGLAND, J., dissents with an opinion.
HATCHETT, J., dissents with an opinion, with which ENGLAND and SUNDBERG, JJ., concur.
• ■ SUNDBERG, J.', dissents.

. Art. V, § 3(b)(1), Fla.Const. and In re Fuller, 255 So.2d 1 (Fla.1971).

. White v. State, 330 So.2d 3, 7 (Fla. 1976).