BOYD, Justice.
This cause is before the Court on appeal from a judgment of the County Court, Putnam County, in which that court passed upon the constitutionality of section 871.01, Florida Statutes (1977). Appellant was convicted of disturbing a public assembly in violation of that section, a misdemeanor of the second degree. We have jurisdiction of his appeal. Art. Y, § 3(b)(1), Fla.Const.
Section 871.01, Florida Statutes (1977), provides:
Whoever willfully interrupts or disturbs any school or any assembly of people met for the worship of God or for any lawful purpose shall be guilty of a misdemeanor of the second degree punishable as provided in s. 775.082 or s. 775.083.
Viewed in the light most favorable to the appellee; the record establishes the following facts. Appellant Hal S. Weidner is a citizen of the State of Florida and the town of Interlachen. He regularly attends the meetings of the Interlachen town council. On the evening of April 11,1978, Mr. Weid-ner attended a meeting at which the council was considering the replacement of a city employee because the employee did not hold an appropriate license. The appellant sought and obtained the council’s recognition and pointed out that the person being considered as a replacement did not have such a license either. The appellant further *1287 stated that he thought the situation was “ridiculous.” One of the councilmen responded to Mr. Weidner’s comment by calling him “a sick man.” The appellant then stepped forward with a tape recorder, asking the councilman to repeat his comment. In the process of doing so, he pushed some chairs forward. At this point, the councilman who had made the comment left his seat on the council platform, approached the appellant, and struck him in the face with his fist. A general disruption of the meeting followed this action by the councilman.
The appellant moved for a judgment of acquittal at the close of the state’s case and at the close of all the evidence.
The appellant contends that section 871.-01 is unconstitutionally vague and over-broad. He argues that the statute creates no objective standard by which the statutory terms may be measured and that the statute is susceptible of application to protected expression, thus inhibiting the exercise of the right to free expression. In S. H. B. v. State, 355 So.2d 1176 (Fla.1978), this Court upheld section 871.01 against a challenge to its constitutionality grounded upon its lack of specificity and overbreadth. We decline the appellant’s suggestion that we revisit that holding on the facial validity of the statute.
The appellant also contends that section 871.01 is unconstitutional as applied to him in that it is being used to punish him for engaging in constitutionally protected speech. The appellant reasons on this point that his proven behavior comes within the proscriptive sweep of the statute, but since what he did is fundamentally different from the kinds of conduct which the statute properly applies to, the law is unconstitutionally overbroad as applied, citing Setzer v. Mayo, 150 Fla. 734, 9 So.2d 280 (1942). The state in the instant case, however, did not seek to punish the appellant for speech. It sought to punish him for conduct that allegedly disturbed a public assembly.
Finally, the appellant contends that the evidence is insufficient, as a matter of law, to support the verdict. In S. H. B. v. State, this Court set out the elements of the offense proscribed by section 871.01.
To commit an offense under Section 871.01 a person must have deliberately acted to create a disturbance. That is, he must act with the intention that his behavior impede the successful functioning of the assembly in which he has intervened, or with reckless disregard of the effect of his behavior. The acts complained of must be such that a reasonable person would expect them to be disruptive. Finally, the acts must, in fact, significantly disturb the assembly. These elements are inherent in the statute as drafted.
355 So.2d at 1178. Upon our review of the record in this case, we conclude that there is a lack of competent evidence, substantial in character, to support the verdict of guilt. The trial court erred in not granting a judgment of acquittal when the appellant so moved the court at the close of the state’s case.
We therefore vacate the judgment and order of probation, reverse the decision of the county court, and remand for the entry of a judgment of acquittal.
It is so ordered.
ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.