973 So.2d 432 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES REPORT NO. 2007-9.
No. SC07-1851.
Supreme Court of Florida.
January 10, 2008.
Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted a proposed change to one standard jury instruction and also proposes two new instructions. The Committee asks that the Court approve the proposed standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee filed a report in which it proposed: Instruction 28.4, Leaving the Scene of Crash Involving Death or Injury (Amended); Instruction 28.82, Aggravated Fleeing or Eluding (New); and Instruction *433 28.84, Aggravated Fleeing or Eluding (New).
The Committee reports that proposed instructions were originally filed with the Court for review in Case No. SC07-705. However, after further consideration about the requirements established in State v. Dumas, 700 So.2d 1223, 1225 (Fla.1997) (holding that section 316.027, Florida Statutes, only requires the State to prove a defendant's knowledge of injury to obtain conviction for leaving the scene of an accident resulting in death, a second-degree felony), coupled with necessary amendments to proposed instruction 28.4, the Committee requested and was granted leave by the Court to remove instructions 28.82 and 28.84 from Case No. SC07-705. The Committee reports that it addressed the pertinent issues within the instant proposed instructions and published the three proposed instructions in The Florida Bar News on August 1, 2007. The Committee received one comment regarding instruction 28.4; however, it received no comments regarding the new instructions.
Having considered the Committee's report, we hereby authorize the publication and use of the instructions as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_ instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

28.4 LEAVING THE SCENE OF ACCIDENT A CRASH INVOLVING DEATH OR INJURY

§ 316.027(1), Fla. Stat.
To prove the crime of Leaving the Scene of an-dissident a Crash, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) was the driver of a vehicle involved in an accident a crash resulting in [injury to] [death of] any person.
2. (Defendant) knew or should have known that [he] [she] was involved in an accident a crash.
Give 3a if death is charged or 3b if injury is charged.
3. a. (Defendant) knew or should have known of the [injury to] or [death of] the person.

*434 b. (Defendant) knew or should have known of the injury to the person.
Give 4a, 4b, or both as applicable.
4. a. (Defendant) willfully failed to stop at the scene of the accident crash or as close to the accident crash as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] or [person attending the vehicle] and to any police officer investigating the accident crash.
[or]
b. (Defendant) willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.
If the State proves that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.
Definitions.
"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.
"Reasonable assistance" includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.
"Willfully" means intentionally and purposely.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instructions was adopted in 1995 [665 So.2d 212] and amended in 2008.

28.82 AGGRAVATED FLEEING OR ELUDING

(Leaving a Crash Involving Injury or Death then Causing Serious Bodily Injury or Death)
§ 316.1935(4)(b) and § 316.027, Fla. Stat.
To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
1. (Defendant) was the driver of a vehicle involved in a crash resulting in [injury to] [the death of] any person.
2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
Give 3a if death is charged or 3b if injury is charged.
3. a. (Defendant) knew or should have known of the injury to or death of the person.
b. (Defendant) knew or should have known of the injury to the person.
Give 4a or 4b or both as applicable.
4. (Defendant) a. willfully failed to stop at the scene of the accident crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] *435 and to any police officer investigating the crash.
b. willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.
5. A duly authorized law enforcement officer ordered (defendant) to stop.
6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]
7. As a result of (defendant) fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of] (name of victim).
I further instruct you that
316.027, Fla. Stat.
A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."
If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.
Definitions.
"Willfully" means intentionally, knowingly, and purposely.
"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.
"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.

Lesser Included Offenses

AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Injury or Death and then Causing Serious Injury Bodily Injury or Death) -316.1935(4)(b) and 316.027

 CATEGORY ONE CATEGORY TWO FLA.STAT. INS. NO.
 Aggravated Fleeing 316.1935(4)(a) 28.84
 Fleeing to Elude LEO 316.1935(1) 28.6
 Leaving Scene of Accident 316.027(1)(b) 28.4
 Involving Death
 Leaving Scene of Accident 316.027(1)(a) 28.4
 Involving Injury
 Fleeing to Elude LEO 316.1935(3)(b) 28.81
 Fleeing to Elude LEO 316.1935(3)(a) 28.8
 Fleeing to Elude LEO 316.1935(2) 28.7
 Reckless Driving 316.192 28.5

*436 Comments

This instruction was adopted in 2008.

28.84 AGGRAVATED FLEEING OR ELUDING

(Leaving a Crash Involving Injury or Death then Causing Injury or Property Damage to Another)

§ 316.1935(4)(a) and § 316.027 Fla. Stat.
To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
1. (Defendant) was the driver of a vehicle involved in a crash resulting in [injury to] [the death of] any person.
2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
Give 3a if death is charged or 3b if injury is charged.
3. a. (Defendant) knew or should have known of the injury to or death of the person.
b. (Defendant) knew or should have known of the injury to the person.
Give 4a or 4b or both as applicable.
4. (Defendant)
a. willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash.
b. willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.
5. A duly authorized law enforcement officer ordered (defendant) to stop.
6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]
7. As a result of (defendant) fleeing or eluding, The] [she] caused [an injury to] [damage to the property of] (name of victim).
I further instruct you that
§ 316.027, Fla. Stat.
A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."
If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.
Definitions.
"Willfully" means intentionally, knowingly, and purposely.
"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.
"Reasonable assistance" includes carrying or making arrangement to carry *437 the injured person to a physician or hospital for medical treatment. Lesser Included Offenses

AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Injury or Death and then Causing Injury or Property Damage to Another) -316.I935(4)(a) and § 316.027

 CATEGORY ONE CATEGORY TWO FLA.STAT. INS. NO.
 Fleeing to Elude LEO 316.1935(1) 28.6
 Leaving Scene of Accident 316.027(1)(b) 28.4
 Involving Death
 Leaving Scene of Accident 316.027(1)(a) 28.4
 Involving Injury
 Fleeing to Elude LEO 316.1935(3)(b) 28.81
 Fleeing to Elude LEO 316.1935(3)(a) 28.8
 Fleeing to Elude LEO 316.1935(2) 28.7
 Reckless Driving 316.192 28.5

Comments
This instruction was adopted in 2008.