976 So.2d 1081 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES  REPORT NO. 2007-03.
No. SC07-705.
Supreme Court of Florida.
March 6, 2008.
Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, Florida, for Petitioner.
R. Blaise Trettis, Executive Assistant Public Defender, 18th Judicial Circuit, Viera, Florida, Jay Thomas, Staff Attorney, Second District Court of Appeal, Lakeland, Florida, and Lee G. Cohen, Assistant State Attorney, Eighteen Judicial Circuit, Fort Lauderdale, Florida, Responding with comments.
PER CURIAM.
We have for consideration thirteen proposed amended or new Standard Jury Instructions in Criminal Cases.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) proposes amendments to Standard Jury Instructions 3.6(f) (Justifiable Use of Deadly Force); 3.6(g) (Justifiable Use of Nondeadly Force); 11.10 (Lewd, Lascivious, Indecent Assault or Act Upon or in the Presence of Child); 21.2 (Resisting Arrest Without Violence); 28.6 (Fleeing to Elude a Law Enforcement Officer); 28.7 (Fleeing to Elude a Law Enforcement Officer); and 28.8 (Fleeing to *1082 Elude a Law Enforcement Officer). The Committee also offers new Standard Jury Instructions 28.81 (Fleeing to Elude a Law Enforcement Officer); 28.83 (Aggravated Fleeing and Eluding); 28.85 (Aggravated Fleeing and Eluding); 29.13 (Animal Cruelty [Felony]); 29.15 (Disturbing a School, Religious or Lawful Assembly); and 29.16 (Disturbing a Military Funeral).
The proposals were published for comment in the July 1, 2007, edition of The Florida Bar News. Two comments were received. In response to the comments, the Committee revised proposed new instructions 28.83, 28.85, and 29.13.
Having considered the Committee's report and response to the comments, we authorize the publication and use of all of the amended and new instructions, except amended instruction 21.2 (Resisting Arrest Without Violence). We refer instruction 21.2 back to the Committee for further consideration in light of this Court's recent opinion in Polite v. State, 973 So.2d 1107 (Fla.2008) (discussing essential elements of the offense of resisting an officer without violence).
The instructions, as authorized, are set forth in the appendix to this opinion. New language is indicated by underlining, and deleted language is struck-through. In authorizing the instructions for publication and use, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix[2] shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which ANSTEAD and QUINCE, JJ., concur.
PARIENTE, J., concurring in part and dissenting in part.
I agree with the majority, except that I would sever instructions 29.15 and 29.16 from this opinion and return those instructions to the Committee for reconsideration in light of this Court's opinion in S.H.B. v. State, 355 So.2d 1176 (Fla.1977). Alternatively, I would incorporate the Official Comments to both of these instructions into the actual text of the instructions themselves.
The statutory provisions on which these instructions are based, sections 871.01(1) and (2), Florida Statutes, criminalize conduct that involves disturbing a school, religious or lawful assembly (instruction 29.15) and disturbing a military funeral (instruction 29.16). As this Court recognized in S.H.B., these statutes can only be constitutional if narrowly construed to avoid the grave danger of criminalizing conduct that is protected under our First Amendment. See 355 So.2d at 1178. Specifically, this Court held that a person must have deliberately *1083 acted to create a disturbance in order to commit a criminal offense under section 871.01(1). See id.
While the element of "willfully" in the instruction incorporates the notion of deliberateness, the Court in S.H.B. held that to act deliberately, the defendant
must act with the intention that [the] behavior impede the successful functioning of the assembly in which he [or she] has intervened, or with reckless disregard of the effect of his [or her] behavior. The acts complained of must be such that a reasonable person would expect them to be disruptive. Finally, the acts must, in fact, significantly disturb the assembly.
Id. Although this holding from S.H.B. is included in the official comments to the instructions, the holding is not incorporated into the instructions. Without this explanation, the instructions adopted by the majority in this case will not adequately advise the jury of these "inherent" elements, which are essential to ensure that a defendant is not convicted of constitutionally protected conduct.
I recognize that the constitutionality of these statutes is not before us in a jury instruction case.[3] Nevertheless, at a minimum, we should include language in these instructions that a majority of this Court, almost thirty years ago, determined was necessary to avoid criminalizing constitutionally protected rights to free expression and free speech. The Committee was closely divided on this instruction (eight to six vote) and in light of these serious constitutional concerns, we should either amend the instructions or send them back for further deliberation by the Committee and a more thorough explanation of the closely divided vote.
ANSTEAD and QUINCE, JJ., concur.

APPENDIX

3.6(f) JUSTIFIABLE USE OF DEADLY FORCE
Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
Read in all cases.
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of deadly force.
Definition.
"Deadly force" means force likely to cause death or great bodily harm.
Give if applicable. § 782.02, Fla. Stat.
The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to [himself] [herself] while resisting:
1. another's attempt to murder [him] [her], or
2. any attempt to commit (applicable felony) upon [him] [her], or
3. any attempt to commit (applicable felony) upon or in any dwelling, residence, or vehicle occupied by [him] [her].
Insert and define applicable felony that defendant alleges victim attempted to commit.
*1084 Give if applicable. §§ 776.012, 776.031, Fla. Stat.
A person is justified in using deadly force if [he] [she] reasonably believes that such force is necessary to prevent
1. imminent death or great bodily harm to [himself] [herself] or another, or
2. the imminent commission of (applicable forcible felony) against [himself] [herself] or another.
Insert and define applicable forcible felony that defendant alleges victim was about to commit.
Aggressor. § 776.041, Fla. Stat.
However, the use of deadly force is not justifiable if you find:
Give only if the defendant is charged with more than one an independent forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
1. (Defendant) was attempting to commit, committing, or escaping after the commission of (applicable forcible felony); or
Define applicable forcible felony. Define after paragraph 2 if both paragraphs 1 and 2 are given.
2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on (assailant).
b. In good faith, the defendant withdrew from physical contact with (assailant) and clearly indicated to (assailant) that [he] [she] wanted to withdraw and stop the use of deadly force, but (assailant) continued or resumed the use of force.
Force in resisting arrest. § 776.051(1), Fla. Stat.
A person is not justified in using force to resist an arrest by a law enforcement officer who is known to be, or reasonably appears to be a law enforcement officer.
Give if applicable.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] (or another), but only to the extent [he] [she] reasonably believes such force is necessary. See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.
Read in all cases.
In deciding whether defendant was justified in the use of deadly force, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
*1085 No duty to retreat.
If the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
Presumption of Fear (dwelling, residence, or occupied vehicle). Give if applicable. See exceptions in § 776.013(2), Fla. Stat., which may negate the giving of this instruction.
If the defendant was in a(n) [dwelling] [residence] [occupied vehicle] where [he] [she] had a right to be, [he] [she] is presumed to have had a reasonable fear of imminent death or great bodily harm to [himself] [herself] [another] if (victim) had [unlawfully and forcibly entered] [removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
Definitions. Give if applicable.
As used with regard to self defense:
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
Define applicable forcible felony that defendant alleges victim was about to commit.
Prior threats. Give if applicable.
If you find that the defendant who because of threats or prior difficulties with (victim) had reasonable grounds to believe that [he] [she] was in danger of death or great bodily harm at the hands of (victim), then the defendant had the right to arm [himself] [herself]. However, the defendant cannot justify the use of deadly force, if after arming [himself] [herself] [he] [she] renewed [his] [her] difficulty with (victim) when [he] [she] could have avoided the difficulty, although as previously explained if the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat.
Reputation of victim. Give if applicable.
If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
Physical abilities. Read in all cases.
In considering the issue of self-defense, you may take into account the *1086 relative physical abilities and capacities of the defendant and (victim).
Read in all cases.
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of deadly force, you should find [him] [her] guilty if all the elements of the charge have been proved.

Comment
This instruction was adopted in 1981 and was amended in 1985 [477 So.2d 985], 1999 [732 So.2d 1044], 2000 [789 So.2d 954], 2005 [911 So.2d 766], and 2006 [31 Fla. L. Weekly S329, Fla., May 25, 2006 930 So.2d 612] and 2008.

3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE
Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
Read in all cases.
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of non-deadly force.
Definition.
"Non-deadly" force means force not likely to cause death or great bodily harm.
In defense of person. § 776.012, Fla. Stat. Give if applicable.
(Defendant) would be justified in using non-deadly force against (victim) if the following two facts are proved:
1. (Defendant) must have reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against (victim's) imminent use of unlawful force against the [defendant] [another person].
2. The use of unlawful force by (victim) must have appeared to (defendant) to be ready to take place.
In defense of property. § 776.031, Fla. Stat. Give if applicable.
(Defendant) would be justified in using non-deadly force against (victim) if the following three facts are proved:
1. (Victim) must have been trespassing or otherwise wrongfully interfering with land or personal property.
2. The land or personal property must have lawfully been in (defendant's) possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect.
3. (Defendant) must have reasonably believed that [his] [her] use of force was necessary to prevent or terminate (victim's) wrongful behavior.
No duty to retreat (dwelling, residence, or occupied vehicle). Give if applicable.
If the defendant is in [his] [her] [dwelling] [residence] [occupied vehicle] [he] [she] is presumed to have held a reasonable fear of imminent peril of death or bodily injury to [himself] [herself] [another] if (victim) has [unlawfully and forcibly entered] [has removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] *1087 and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
No duty to retreat (location other than dwelling, residence, or occupied vehicle). Give if applicable.
If the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
Definitions.
As used with regard to self defense,
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
Define applicable forcible felony that defendant alleges victim was about to commit.
Give in all cases.
A person does not have a duty to retreat if the person is in a place where [he] [she] has a right to be.
Aggressor. § 776.041, Fla. Stat.
The use of non-deadly force is not justified if you find:
Give only if the defendant is charged with more than one an independent forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
1. (Defendant) was attempting to commit, committing, or escaping after the commission of a (applicable forcible felony).
Define applicable forcible felony.
2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on (assailant).
b. In good faith, the defendant withdrew from physical contact with (assailant) and indicated clearly to (assailant) that [he] [she] wanted to withdraw and stop the use of non-deadly force, but (assailant) continued or resumed the use of force.
Force in resisting arrest. § 776.051(1), Fla. Stat.
A person is not justified in using force to resist an arrest by a law enforcement *1088 officer who is known to be or reasonably appears to be a law enforcement officer.
Give the following instruction if applicable.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary. See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.
Read in all cases.
In deciding whether the defendant was justified in the use of non-deadly force, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
Reputation of victim. Give if applicable.
If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
Physical abilities. Read in all cases.
In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
Read in all cases.
If, in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.

Comment
This instruction was adopted in 1981 and was amended in 1985 [477 So.2d 985], 1992 [603 So.2d 1175], 2005 [911 So.2d 766], 2006 [930 So.2d 612], and 2008.
11.10 LEWD, LASCIVIOUS, INDECENT ASSAULT OR ACT UPON OR IN THE PRESENCE OF CHILD; SEXUAL BATTERY

§ 800.04, Fla. Stat.
Give only for those offenses committed on or before October 1, 1999.
To prove the crime of (crime charged), the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) was under the age of 16 years.
Give as applicable.
2. (Defendant)
a. [made an assault upon (victim) in a lewd, lascivious, or indecent manner].

*1089 [handled or fondled (victim) in a lewd, lascivious, or indecent manner].
b. (Defendant) committed upon (victim) or forced or enticed (victim) to commit
[actual or simulated sexual intercourse].
[deviate sexual intercourse].
[sexual bestiality].
[masturbation].
[sadomasochistic abuse].
[actual lewd exhibition of the genitals].
[any act or conduct which simulated that sexual battery was being or would be committed on (victim)].
c. (Defendant)
[committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of [(victim)] [(defendant)]].
[committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object].
d. (Defendant) knowingly committed a lewd or lascivious act in the presence of (victim).
Definitions
Give in all cases.
Neither the victim's lack of chastity nor the victim's consent is a defense to the crime charged.
Give when § 800.04(1), Fla. Stat., is charged.
As used in regard to this offense the words "lewd," "lascivious," and "indecent" mean the same thing. They mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.
Give when assault is charged under § 800.04(1), Fla. Stat.
An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Give when § 800.04(4), Fla. Stat., is charged.
As used in regard to this offense the words "lewd" and "lascivious" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.
"In the presence of" means that (victim) saw, heard, or otherwise sensed that the act was taking place.
See State v. Werner, 609 So.2d 585 (Fla. 1992).
Give applicable definitions from § 847.001, Fla. Stat., when § 800.04(2), Fla. Stat., is charged.
There is no need to make reference to the words "without committing the crime of sexual battery" because this refers to forcible sexual relations. Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983); Chapters 84-86, Laws of Florida.

 Lesser Included Offenses
------------------------------------------------------
 LEWD, LASCIVIOUS, OR INDECENT ASSAULT OR
 ACT UPON OR IN PRESENCE OF CHILD  800.04
------------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
------------------------------------------------------
None
------------------------------------------------------
 Attempt 777.04(1) 5.1
------------------------------------------------------
 Assault 784.011 8.1
------------------------------------------------------
 Battery 784.03 8.3
------------------------------------------------------
 Unnatural and lascivious
 act 800.02 11.8
------------------------------------------------------

Comment
This instruction was adopted in 1981 and was amended in 1985 [477 So.2d 985], 1987 *1090 [508 So.2d 1221], 1992 [603 So.2d 1175], and 1995 [657 So.2d 1152], and 2008.

28.6 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

§ 316.1935(1), Fla. Stat.
To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was operating a motor vehicle upon a street or highway in Florida.
2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
Give 3a or 3b as applicable.
3. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer,
a. [willfully refused or failed to stop the vehicle in compliance with the order] or
b. [having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer].

Definitions.
"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008.

28.7 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

§ 316.1935(2), Fla. Stat.
To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following four three elements beyond a reasonable doubt:
1. (Defendant) was operating a vehicle upon a street or highway in Florida.
2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
Give 2a or 2b as applicable.
3.2. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer,
a. [willfully refused or failed to stop the vehicle in compliance with the order] or
b. [having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer].
4.3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.

Definitions.
"Operator" means any person who is in actual physical control of a motor *1091 vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely.

 Lesser Included Offenses
------------------------------------------------
 FLEEING TO ELUDE A LAW ENFORCEMENT
 OFFICER  316.1935(1)
------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
------------------------------------------------
Fleeing to elude 316.1935(1) 28.6
------------------------------------------------
 None
------------------------------------------------

Comment
This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008.

28.8 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

(Siren and lights activated with high speed or reckless driving)

§ 316.1935(3)(a), Fla. Stat.
To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five four elements beyond a reasonable doubt:
1. (Defendant) was operating a vehicle upon a street or highway in Florida.
Give 2a or 2b as applicable
2. A duly authorized law enforcement officer ordered the defendant (defendant) to stop or remain stopped.
3.2. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer,
a. [willfully refused or failed to stop the vehicle in compliance with the order].
or
b. [having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer].
4.3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
5.4. During the course of the fleeing or the attempting to flee elude, (defendant) drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.

Definitions.
"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely. *1092 

 Lesser Included Offenses
--------------------------------------------------------
 FLEEING TO ELUDE A LAW ENFORCEMENT
 OFFICER  316.1935(1)(3)(a)
--------------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
--------------------------------------------------------
Fleeing to elude 316.1935(2) 28.7
--------------------------------------------------------
Fleeing to elude 316.1935(1) 28.6
--------------------------------------------------------
 Reckless driving 316.192 28.5
--------------------------------------------------------

Comment
This instruction was adopted in 2000 [765 So.2d 692] and amended in 2008.

28.81 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

(Siren and lights activated with high speed or reckless driving causing serious bodily injury or death)

§ 316.1935(3)(b), Fla. Stat.
To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five elements beyond a reasonable doubt:
1. (Defendant) was operating a vehicle upon a street or highway in Florida.
Give 2a or 2b as applicable.
2. (Defendant), knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer,
a. willfully refused or failed to stop the vehicle in compliance with the order.
b. having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.
3. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
4. During the course of the fleeing or the attempt to elude, (defendant) drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.
5. As a result of (defendant's) fleeing or eluding at high speed or wanton disregard for safety, [he] [she] caused [the death of] [serious bodily injury to] [another person] [a law enforcement officer involved in pursuing or otherwise attempting to stop [his] [her] vehicle].
Definitions.
"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely.

 Lesser Included Offenses
---------------------------------------------------------------
 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
---------------------------------------------------------------
*1093
  316.1935(3)(b)
---------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------
Fleeing to elude 316.1935(3)(a) 28.8
---------------------------------------------------------------
Fleeing to elude 316.1935(2) 28.7
---------------------------------------------------------------
Fleeing to elude 316.1935(1) 28.6
---------------------------------------------------------------
 Reckless driving 316.192 28.5
---------------------------------------------------------------

Comment
This instruction was adopted in 2008.

28.83 AGGRAVATED FLEEING OR ELUDING

(Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)

§ 316.1935(4)(b) and § 316.061, Fla. Stat.
To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
1. (Defendant) was the driver of a vehicle involved in a crash resulting only in damage [to a vehicle] [to property other than a vehicle] which was driven or attended by a person.
2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
3. (Defendant) knew or should have known of the damage to [the vehicle] [the attended property].
4. (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver] [person attending the damaged property] and to any police officer investigating the crash.
5. A duly authorized law enforcement officer ordered (defendant) to stop.
6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].
7. As a result of (defendant) fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of] (name of victim).
I further instruct you that
§ 316.061, Fla. Stat.
A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."
If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information," the State satisfies this element of the offense.
Definitions.
"Willfully" means intentionally, knowingly, and purposely.
"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive. *1094 

 Lesser Included Offenses
---------------------------------------------------------------------------------
 AGGRAVATED FLEEING OR ELUDING
 (Leaving a Crash Involving Damage to a Vehicle or Property then Causing
 Serious Bodily Injury or Death)
  316.1935(4)(b) and 316.061
---------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA.STAT. INS. NO.
---------------------------------------------------------------------------------
Aggravated Fleeing 316.1935(4)(a) 28.85
---------------------------------------------------------------------------------
Fleeing to Elude LEO 316.1935(1) 28.6
---------------------------------------------------------------------------------
Leaving the Scene of a Crash
Involving Damage to Vehicle or
Property 316.061 N/A
---------------------------------------------------------------------------------
 Fleeing to Elude LEO 316.1935(3)(b) 28.81
---------------------------------------------------------------------------------
 Fleeing to Elude LEO 316.1935(3)(a) 28.8
---------------------------------------------------------------------------------
 Fleeing to Elude LEO 316.1935(2) 28.7
---------------------------------------------------------------------------------
 Reckless Driving 316.192 28.5
---------------------------------------------------------------------------------

Comments
This instruction was adopted in 2008.

28.85 AGGRAVATED FLEEING OR ELUDING

(Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)

§ 316.1935(4)(a) and § 316.061, Fla. Stat.
To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:
1. (Defendant) was the driver of a vehicle involved in a crash resulting only in damage [to a vehicle] [to property other than a vehicle] which was driven or attended by a person.
2. (Defendant) knew or should have known that [he] [she] was involved in a crash.
3. (Defendant) knew or should have known of the damage to [the vehicle] [the attended property].
4. (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver] [person attending the damaged property] and to any police officer investigating the crash.
5. A duly authorized law enforcement officer ordered (defendant) to stop.
6. (Defendant), knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].
7. As a result of (defendant) fleeing or eluding, [he] [she] caused [injury to] [damage to the property of] (name of victim).
I further instruct you that
§ 316.061, Fla. Stat.
A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of *1095 the crash as possible and provide "identifying information."
If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information," the State satisfies this element of the offense.
Definitions.
"Willfully" means intentionally, knowingly, and purposely.
"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.

 Lesser Included Offenses
--------------------------------------------------------------------------------
 AGGRAVATED FLEEING OR ELUDING
 (Leaving A Crash Involving Damage to a Vehicle or Property then Causing
 Injury or Property Damage to Another)
  316.1935(4)(a) and 316.061
--------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA.STAT. INS. NO.
--------------------------------------------------------------------------------
Fleeing to Elude LEO 316.1935(1) 28.6
--------------------------------------------------------------------------------
Leaving the Scene of a Crash
Involving Damage to Vehicle or
Property 316.061 N/A
--------------------------------------------------------------------------------
 Fleeing to Elude LEO 316.1935(3)(b) 28.81
--------------------------------------------------------------------------------
 Fleeing to Elude LEO 316.1935(3)(a) 28.8
--------------------------------------------------------------------------------
 Fleeing to Elude LEO 316.1935(2) 28.7
--------------------------------------------------------------------------------
 Reckless Driving 316.192 28.5
--------------------------------------------------------------------------------

Comments
This instruction was adopted in 2008.

29.13 ANIMAL CRUELTY [FELONY]

[§ 828.12(2), Fla. Stat. reserved]
To prove the crime of Animal Cruelty, the State must prove the following element beyond a reasonable doubt:
(Defendant) intentionally committed an act to an animal which resulted in [the excessive or repeated infliction of unnecessary pain or suffering to an animal] [an animal's cruel death].
Definition, if cruel death charged. § 828.02, Fla. Stat.
"Cruelty" ["Torture"] ["Torment"] includes any act, omission, or negligence whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue when there is reasonable remedy or relief, except when done in the interest of medical science.
Only read definition for terms "Torture" or "Torment" when State seeks sentencing enhancements pursuant to § 828.12(2)(a), Fla. Stat.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

*1096 29.15 DISTURBING A SCHOOL, RELIGIOUS OR LAWFUL ASSEMBLY

871.01(1), Fla. Stat.
To prove the crime of Disturbing a [School] [Religious] [Lawful] Assembly, the State must prove beyond a reasonable doubt that:
Give a, b, or c as applicable.
(Defendant) willfully [interrupted] [disturbed]
a. a school assembly.
b. an assembly of people meeting for the purpose of worshiping God.
c. an assembly of people meeting for the lawful purpose of (insert lawful purpose).
Definition.
"Willfully" means knowingly, intentionally, and purposely.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
To commit an offense under § 871.01 a person must have deliberately acted to create a disturbance. That is, he must act with the intention that his behavior impedes the successful functioning of the assembly in which he has intervened, or with reckless disregard of the effect of his behavior. The acts complained of must be such that a reasonable person would expect them to be disruptive. Finally, the acts must, in fact, significantly disturb the assembly. These elements are inherent in the statute as drafted. See S.H.B. v. State, 355 So.2d 1176, 1178 (Fla.1977).
This instruction was adopted in 2008.

29.16 DISTURBING A MILITARY FUNERAL

871.01(2), Fla. Stat.
To prove the crime of Disturbing a Military Funeral, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) willfully [interrupted] [disturbed] an assembly of people meeting for the purpose of acknowledging the death of an individual.
2. The deceased individual was a member of the armed forces of the United States.
3. The assembly was attended by a military funeral honors detail.
Definition.
"Willfully" means knowingly, intentionally and purposely.
A "military funeral honors detail" consists of at least two persons from the armed forces in proper uniform, at least one of whom was from the deceased's branch of the military, and the funeral ceremony includes the playing of "Taps," followed by the folding and presentation of the United States flag to the family of the deceased.

 Lesser Included Offenses
---------------------------------------------------------------------
 Disturbing a Military Funeral  871.01(2)
---------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------------
Disturbing a school, religious None 871.01(1) 29.15
or lawful assembly
---------------------------------------------------------------------

*1097 Comment
See Title 10 U.S.C. § 1491 for further details.
To commit an offense under § 871.02 a person must have deliberately acted to create a disturbance. That is, he must act with the intention that his behavior impedes the successful functioning of the assembly in which he has intervened, or with reckless disregard of the effect of his behavior. The acts complained of must be such that a reasonable person would expect them to be disruptive. Finally, the acts must, in fact, significantly disturb the assembly. These elements are inherent in the statute as drafted. See S.H.B. v. State, 355 So.2d 1176, 1178 (Fla.1977).
This instruction was adopted in 2008.
NOTES
[1] The Committee originally proposed sixteen new or amended instructions. Leave to withdraw proposed new instructions 28.82 (Aggravated Fleeing and Eluding), 28.84 (Aggravated Fleeing and Eluding), and 29.13(a) (Animal Cruelty (Misdemeanor)) was granted. The Committee resubmitted instructions 28.82 and 28.84, which the Court authorized for publication and use. See In re Standard Jury Instructions in Criminal Cases  Report No. 2007-9, 973 So.2d 432 (2008).
[2] The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.
[3] Even with the narrow construction given by the majority in S.H.B., three justices dissented, with two justices writing separate dissents, concluding that the statute was unconstitutional on its face. S.H.B., 355 So.2d at 1179-81 (England and Hatchett, JJ., dissenting).