[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14093
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80033-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL M. JOHNSON, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2014)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Russell Johnson appeals his convictions and sentence for knowingly and

intentionally possessing cocaine with intent to distribute, and being a felon in

possession of a firearm.  He contends that the district court erred (1) by denying his request for an evidentiary hearing on his motion to suppress evidence seized in a search of his home and (2) by enhancing his sentence under the Armed Career Criminal Act.

I.

In April 2012 the Boynton Beach Police Department began investigating Timothy Anderson and several of his associates based on the Department's suspicion that they were involved in gang activity, including drug trafficking and crimes of violence.  The Department confirmed Anderson's gang activity through informants who purchased narcotics from Anderson and his associates, as well as through confidential sources who said that Anderson and his associates were part of a street gang.

Early on, the investigators learned that the gang was using Johnson's house to distribute drugs.  They searched the trash left outside Johnson's home in August, September, and October of 2012.  Each time, they found evidence of drug trafficking, such as small plastic bags with cocaine or marijuana residue, empty sample bottles of oxycodone with no prescription name, and marijuana stems and seeds.  In their fourth and final search of the home's trash on January 7, 2013, they found:  three small bags containing marijuana residue, two bags containing cocaine residue, a gallon freezer bag with its corners cut off, a syringe, and an empty box

2

of baking soda.[1]  The next day, January 8, a police officer staked out Johnson's home.  Over the course of an hour and a half, the officer observed six visitors park outside the house, enter the home for one or two minutes, then exit the home and drive off.

Ten days later, on January 18, Officer Scott Spruill applied for a warrant to search Johnson's home for evidence of drug trafficking.  Officer Spruill attached to his application an affidavit that laid out the evidence described above, as well as additional evidence establishing that Johnson's home contained evidence of drug crimes.  A county judge signed the warrant that same day, and Boynton Beach officers carried out the search a week later on January 25.  Johnson was home when the officers arrived.  Inside they found a loaded .45 caliber semiautomatic handgun, 7.9 grams of marijuana, 2.1 grams of cocaine, 65 oxycodone pills, 23 Xanax tables, and a digital scale with cocaine residue.  The officers arrested Johnson on the spot for being a felon in possession of a firearm.

A federal grand jury indicted Johnson on February 7, 2013, charging him with:  knowingly and intentionally possessing cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1) and (b)(1)(C); and being a felon in possession of a firearm, see 18 U.S.C. § 922(e) and (g)(1).  A month later, Johnson moved to suppress the

---

[1] Officer Scott Spruill, who filled out the affidavit in support of the search warrant at issue, explained that baking soda is frequently used in cocaine distribution as a filler to "cut" the cocaine, and that narcotics dealers commonly cut the corners off plastic bags to make smaller packages for street level dealing.

items seized during the search of his home.  His motion primarily argued that the warrant was not supported by probable cause.  In the alternative, it requested an evidentiary hearing under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978), to determine the validity of the affidavit supporting the statement.  Johnson claimed that the affidavit contained false statements, and that Officer Spruill knew or should have known they were false.  But Johnson did not identify any particular statements in the warrant as false.  The district court denied the motion after determining that there was probable cause supporting the warrant and that the good faith exception would have applied regardless.  It also denied Johnson's request for an evidentiary hearing, citing his motion's failure to identify any specific statements as false.  Johnson renewed his motion at the start of his trial on June 5, 2013, and the district court again denied it without holding a hearing.  After two days of trial, the jury found Johnson guilty on both counts.

Johnson's presentence report (PSR) calculated a base offense level of 24 under United States Sentencing Guideline § 2K2.1(a)(2).  It added 4 levels under § 2K2.1(b)(4) because Johnson's possession of the handgun was in connection with his cocaine possession.  It also added 2 levels under § 3C1.1 because Johnson had obstructed justice by lying several times during his trial testimony.  Had the PSR stopped there, Johnson's adjusted offense level would have been 30.  That initial adjusted offense level, combined with his initial criminal history category of

4

IV, would have given Johnson a guidelines range of 135 to 168 months. However, the PSR determined that three of Johnson's prior Florida convictions — two for sale of cocaine and one for fleeing and attempting to elude an officer — qualified him for an enhancement under the Armed Career Criminal Act (ACCA), see 18 U.S.C. § 924(e). An ACCA enhancement results in a 15-year mandatory minimum sentence. See U.S.S.G. § 4B1.4(b)(3)(B). It also makes a defendant eligible for additional enhancements to his offense level and criminal history category. See id. § 4B1.4(b), (c). Because Johnson possessed the handgun in connection with the cocaine possession, the PSR raised his offense level to 34 and his criminal history category to VI. See id. § 4B1.4(b)(3)(A), (c)(2). So Johnson's ultimate guidelines range was 262 to 327 months, with a mandatory minimum 15-year sentence.

Though Johnson raised several objections to the PSR, the only one relevant to this appeal is his challenge to the ACCA enhancement. Johnson argued that his prior conviction for fleeing and attempting to elude an officer did not qualify as an ACCA predicate because it was not a "violent felony" under the statute. At the sentence hearing the district court overruled the objection because a conviction under the Florida statute was indistinguishable from a conviction under an Indiana statute that the Supreme Court had held qualified categorically as a violent felony under the so-called residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). See Sykes v. United States, 561 U.S. —, 131 S.Ct. 2267, 2277 (2011). After considering the

5

advisory guidelines range and the 18 U.S.C. § 3553(a) sentencing factors, the court gave Johnson a below-guidelines sentence of 192 months.

## II.

Johnson raises four issues on appeal.

### A.

The only issue that goes to the validity of Johnson's conviction is whether the district court erred by denying his request for a Franks hearing. That decision was obviously not erroneous. To receive a Franks hearing, defendants must make a threshold showing that includes, among other things, "point[ing] out specifically the portion of the warrant affidavit that is claimed to be false." Franks, 438 U.S. at 171, 98 S.Ct. at 2684. Johnson's motion to the district court did not identify any particular statements in Officer Spruill's affidavit as false. Thus his challenge fails.

### B.

Johnson next challenges the district court's conclusion that his conviction under Florida Statute § 316.1935(1) qualifies as an ACCA predicate. Our review is de novo. United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005). Johnson pleaded guilty in 2007 to fleeing or attempting to elude a law enforcement officer in violation of Florida Statute § 316.1935(1). That provision states that:

6

> It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree . . . .

Fla. Stat. § 316.1935(1).  In United States v. Travis, we held that a "prior conviction for vehicle flight under Fla. Stat. § 316.1935(1) qualifies as a crime of violence under the sentencing guidelines."  747 F.3d 1312, 1317 (11th Cir. 2014).  That would seem to resolve the issue because the ACCA "provides a definition of 'violent felony' that is virtually identical to the definition of 'crime of violence'" under the career offender guideline."  Id. at 1314 n.2

Johnson, however, believes that he can distinguish his case based on a change in Florida's pattern jury instructions.  At the time he pleaded guilty in 2007, the pattern jury instruction for § 316.1935(1) allowed jurors to find a defendant guilty if, among other things, the defendant either "(a) willfully refused or failed to stop the vehicle in compliance with the [officer's] order" or "(b) having stopped the vehicle, willfully fled in an attempt to elude the officer."  In re Standard Jury Instructions–Criminal Cases (99-1), 765 So. 2d 692, 703 (Fla. 2000).  In March 2008, the Florida Supreme Court adopted a new pattern jury instruction that altered the second alternative so that it read:  "having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer."  In re Standard Jury

7

Instructions In Criminal Cases–Report No. 2007-03, 976 So. 2d 1081, 1090 (Fla. 2008) (emphasis added).  Johnson uses the difference in jury instructions to argue that § 316.1935(1) was not categorically a crime of violence when he pleaded guilty because it criminalized both fleeing in a vehicle and fleeing on foot.  But his argument rests on the premise that flight on foot falls outside the ACCA's residual clause, and that premise is foreclosed by our decision in United States v. Smith, 742 F.3d 949 (11th Cir. 2014).  There we rejected a similar argument from a defendant convicted under Florida Statute § 316.1935(2).  See id. at 954.  We held that "fleeing and eluding a law enforcement officer, whether in a vehicle or on foot, is a violent felony under the residual clause of the Armed Career Criminal Act."  Id. (emphasis added).  So an essential premise of Johnson's argument fails, which means his challenge does as well.

## C.

In the alternative, Johnson contends that his conviction for fleeing or eluding should not have qualified as a violent felony because the ACCA's residual clause is unconstitutionally vague.  That challenge is challenge is foreclosed by our decision in United States v. Gandy, 710 F.3d 1234, 1239 (11th Cir. 2013).

## D.

Johnson also contends that his 1999 and 2005 Florida convictions for sale of cocaine do not qualify as "serious drug offenses" under the ACCA.  See 18 U.S.C.

8

§ 924(e)(2)(A)(ii).  Because Johnson did not raise an objection in the district court to using either conviction as an ACCA predicate, we review only for plain error.  See United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013).  "[I]f the explicit language of the statute or rule does not specifically resolve the issue, and there is no precedent from this Court or the Supreme Court directly resolving it, there is no plain error."  United States v. Frank, 599 F.3d 1221, 1239 (11th Cir. 2010).

The judgments in both of his prior convictions state that Johnson was convicted for "sale of cocaine" under Florida Statute § 893.13(1)(a)(1).  That statute makes it a second-degree felony "for any person to sell" cocaine.  Fla. Stat. § 893.13(1)(a)(1).  And the maximum sentence for second-degree felonies in Florida is fifteen years.  See Fla. Stat. § 775.082(3)(c).  The ACCA's definition of "serious drug offense" includes:  "an offense under State law, involving . . . distributing . . . a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  Johnson's two Florida convictions fit that definition because:  (1) they were state law crimes, (2) selling is a form of distributing, (3) cocaine is a controlled substance, and (4) they were punishable by up to fifteen years.  So the district court was correct to treat the convictions as ACCA predicates.

Johnson's arguments to the contrary are not persuasive.  First, Johnson asserts that his 1999 conviction does not qualify because the charge was originally filed in juvenile court before being "direct-filed as an adult case."  He offers no authority suggesting that his convictions' ACCA status could be affected by either his age at conviction or the fact his case began in juvenile court.  Our decisions have held the opposite:  that prior convictions during the defendant's adolescence still count under the ACCA.  See, e.g., United States v. Spears, 443 F.3d 1358, 1360–61 (11th Cir. 2006) (holding that a robbery conviction at age seventeen still counted as an ACCA predicate); United States v. Burge, 407 F.3d 1183, 1187 (11th Cir. 2005) ("A juvenile adjudication may be a 'prior conviction' under the ACCA.").  Johnson's argument therefore lacks the binding authority necessary to establish plain error.

Second, Johnson argues that his 2005 conviction cannot qualify as an ACCA predicate under the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013), because his conviction does not contain the "knowingly or intentionally" element of 21 U.S.C. § 841(a)(1).  His argument is a misapplication of the portion of Descamps that outlines how to determine if a prior conviction meets the generic elements for one of the enumerated "violent felonies" in 18 U.S.C. § 924(e)(2)(B)(ii).  See Descamps, 133 S.Ct. at 2282–86.  In this case we are dealing with "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii), not

10

violent felonies.  Descamps did not change the definition of serious drug offenses under the ACCA.  And as explained above, both of Johnson's convictions meet § 924(e)(2)(A)(ii)'s definition of "serious drug offense."  There was no plain error here.

**AFFIRMED.**