[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16061
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80033-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL M. JOHNSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

In 2013 Russell Johnson, Jr. was found guilty of possessing with the intent to distribute a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a), and of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  At the sentence hearing the district court calculated an advisory guidelines range of 262 to 327 months imprisonment and it found that Johnson was subject to the Armed Career Criminal Act's (ACCA) 15-year mandatory minimum sentence under 18 U.S.C. § 924(e).  The court sentenced Johnson to 192 months imprisonment for each count, with both sentences to run concurrently.  Johnson appealed his conviction and sentences, and we affirmed. See United States v. Johnson, 570 F. App'x 852 (11th Cir. 2014) (unpublished).

After the Supreme Court held that the ACCA's residual clause was unconstitutionally vague, see Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), Johnson filed a 28 U.S.C. § 2255 motion to vacate his sentence.  The district court found that he had been designated an armed career criminal based on an offense that fell within the residual clause and that he was due to be resentenced.  Before the resentence hearing, Johnson filed an objection to the presentence investigation report's application of a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B) (2015) for his possession of a firearm in connection with the drug offense.  At the resentence hearing, the district court overruled that objection and calculated an advisory guidelines range

2

of 92 to 115 months imprisonment.  It denied his request for a downward variance and sentenced him to 96 months imprisonment for each count, with both sentences to run concurrently.  This is Johnson's appeal of those sentences.

Johnson first contends that the district court erred by applying the four-level enhancement under § 2K2.1(b)(6)(B) for possession of a firearm in connection with his drug offense.  We review de novo the district court's interpretation of the guidelines, and we review only for clear error its factual findings.  See United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir. 2007).  Section 2K2.1(b)(6)(B) provides for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  The guidelines commentary clarifies that for drug trafficking offenses, the enhancement applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."  Id. § 2K2.1(b)(6)(B) cmt. n.14(B).

Law enforcement officers found a loaded handgun in Johnson's dresser drawer in his bedroom, and they found drugs located throughout his home, including on the living room couch, on the kitchen counter, and in the kitchen cupboards.  Given those facts, the district court did not err in finding that the gun was within close proximity of the drugs and that the four-level enhancement under § 2K2.1(b)(6)(B) applied.

3

Johnson also contends that his sentences are substantively unreasonable. We review for an abuse of discretion the substantive reasonableness of a sentence. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc) (quotation marks omitted). In other words, a sentence is substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted).

Johnson contends that the district court failed to consider the fact that the ACCA's 15-year mandatory minimum was the reason he declined the government's pretrial plea offer and went to trial for his charged crimes. He asserts that the district court should have varied downward to restore him to the position he would have been in had he never been subject to the ACCA enhancement and had he pleaded guilty.

At Johnson's resentence hearing the district court noted that while it understood his argument that the ACCA's 15-year minimum was "a reason to go to

4

trial," it did not find that reason to be a basis for varying downward in light of Johnson's "lengthy and extensive criminal history" and the fact that he had committed perjury at trial, both of which implicated the need to promote respect for the law and to deter future criminal conduct. See 18 U.S.C. § 3553(a) (providing that when imposing a sentence the district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need to "promote respect for the law" and "afford adequate deterrence to criminal conduct"). Given that "[t]he weight to be accorded any § 3553(a) factor is a matter committed to the sound discretion of the district court," United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007), the district court did not abuse its discretion in declining to vary downward based on Johnson's criminal history and commission of perjury at trial.

Johnson also contends that his sentences are substantively unreasonable because the district court failed to consider evidence of his rehabilitation during his incarceration. But at the resentence hearing Johnson downplayed the gravity of his crimes, telling the district court that he "didn't do anything serious" and "didn't really do anything wrong." Those statements undercut Johnson's argument that he has been rehabilitated while in prison. The district court did not abuse its discretion in rejecting Johnson's rehabilitation argument and deciding that a downward variance was not warranted. We also note that Johnson's sentences are

5

at the low end of the advisory guidelines range, and we "ordinarily . . . expect a sentence within the Guidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (alteration in original). For those reasons, Johnson's sentences are not substantively unreasonable.

**AFFIRMED.**